## TEXAS EMPLOYERS' INS. ASS'N v. EUBANKS et ux.   (No. 2818.)

Court of Civil Appeals of Texas. Amarillo.
April 20, 1927.

Rehearing Denied May 25, 1927.

**I. Master and servant ⊗⟹417(4½)—Objection to district court's jurisdiction because award was not filed with clerk held without merit under stipulation (Workmen's Compensation Law).**

Insurance carrier's objection to jurisdiction of the district court to entertain claimants' suit under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq.), on ground that record failed to show that claimants filed with clerk the award of the Industrial Accident Board, *held* without merit under stipulation in record setting out history of claim.

**2. Master and servant ⊗⟹417(5)—Whether father for whom son worked was independent contractor or employee held for jury (Workmen's Compensation Law).**

Whether father for whom son, who was killed by accident, worked while unloading machinery was an independent contractor or employee within Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq.), was issue of fact for jury under evidence that company exercised direction and control in material respects as to manner, method, and means of work.

**3. Appeal and error ⊗⟹882(14)—One cannot complain of submission or want of evidence to support finding, where he requested special issue.**

Appellant having requested submission of special issue cannot complain, either that it should not have been submitted, or that the jury's finding thereon is without supporting testimony.

**4. Master and servant ⊗⟹417(5)—Pleadings and evidence held to justify refusal of instruction to disregard evidence of insured's control over and compensation to deceased claimant's father (Workmen's Compensation Law).**

Pleadings and evidence *held* to justify refusal of instruction to disregard evidence of insured's control over and compensation to deceased's father for whom deceased worked, where insurance carrier defended claim under Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq.) on ground that deceased was not employee.

**5. Master and servant ⊗⟹417(5)—Refusal to add to instruction defining employee already including substance of statutory definition held not error (Rev. St. 1925, art. 8309).**

Where court in instructions defined employee substantially as in Rev. St. 1925, art. 8309, adding that employer would retain right to prescribe means and methods of performing labor, it was not reversible error to refuse further to add on insurance carrier's request that jury should not take into consideration employer's control over employee as to final results of work.

**6. Trial ⊗⟹304—Discussion by jury, and question to trial judge, whether premiums were paid, held not misconduct where insurance was admittedly in force (Workmen's Compensation Law).**

Discussion by jury, and propounding of question to trial judge, whether insurance premiums were paid, *held* not misconduct in proceeding under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq.), where the insurance was admitted to be in force and the relation of deceased as employee upon which insured's liability depended was legitimate inference from the evidence.

**7. Trial ⊗⟹344—Juror cannot impeach verdict by explaining, had he known premium was unpaid, he would not have rendered same verdict in compensation case.**

Juror cannot impeach his verdict in compensation case by explaining that, had he known premium was not paid, he would not have rendered the verdict he did.

**8. Trial ⊗⟹304—Illogical reasons for verdict are not misconduct of jury.**

Illogical reasons for a verdict are not misconduct of jury.

**9. Trial ⊗⟹304—Jurors' individual and collective notions of law do not affect validity of verdict.**

The views and notions that jurors may entertain individually or collectively of the law cannot affect the validity of their verdict.

**10. Trial ⊗⟹304—Jury's failure to comprehend and apply court's charge is not misconduct.**

Jury's failure to comprehend and apply charge of court with reference to facts proven cannot be urged as misconduct.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Proceeding under the Workmen's Compensation Law by D. L. Eubanks and wife for the death of Archie J. Eubanks, their son, claimants, opposed by the Texas Employers' Insurance Association, insurance carrier. From a judgment of the district court granting an award in claimants' suit to set aside award of the Industrial Accident Board, the insurance carrier appeals. Affirmed.

---

⊗⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lawther, Pope, Leachman & Lawther, of Dallas, and Kay, Akin & Smedley, of Wichita Falls, for appellant.

Engelking & Dotson, of Electra, for appellees.

JACKSON, J. This suit was instituted in the district court of Wichita county, Tex., by D. L. Eubanks and his wife, Lizzie Eubanks, appellees, against the Texas Employers' Insurance Association, appellant, to recover compensation under the Workmen's Compensation Law of this state (Rev. St. 1925, art. 8306 et seq.), for the death of their son, Archie J. Eubanks, who was accidentally killed while in the alleged employ of the National Supply Company of Texas, which was a subscriber and carried insurance with the appellant for the protection of its employees.

After alleging the facts necessary to give the district court jurisdiction, appellees pleaded that the deceased, who was their son, was prior to and on May 29, 1925, the date of his death, in the employment of the National Supply Company, and, while acting in the course of such employment, received the injuries which resulted in his death; that D. L. Eubanks, one of the appellees, and the father of the deceased, was in the employment of the National Supply Company, doing common labor for 50 cents per hour, unloading and assisting in unloading, from freight cars, material and machinery shipped to said company at Electra, Tex.; that if a full carload arrived and was to be unloaded, the company by agreement with him paid him $12 per car for unloading a full car; that said company contemplated, in the contract with him for unloading full cars, that it would be necessary for him to employ others to assist him, and agreed that he, as agent and employee of the company, could, when necessary, secure additional help and authorized him to employ, and he did employ, the deceased to assist him in unloading carloads; that the company prior to the time of the accident knew that the deceased was assisting to unload carload lots of freight and performing such labor for said company. They alleged that when the deceased was not assisting D. L. Eubanks in unloading carload lots, he was employed a part of the time by the National Supply Company to assist in unloading cars of less than carload lots and performing other manual labor, for which it paid him a wage of 50 cents per hour or $5 per day; that on May 29, 1925, while assisting in unloading a carload and in the performance of his duties, the deceased received injuries from which he died immediately; that they are entitled to recover compensation for 360 weeks at $20 per week, or a total amount of $7,200. The appellees sufficiently allege their relation to the deceased, his average wage, their dependence upon him, and facts which would authorize a lump sum settlement.

Appellant pleaded no general denial, but answered by general demurrer, and especially denied that the deceased was in the employment of the National Supply Company at the time and place where he received the injuries resulting in his death, or that he was engaged in or about the business of said company, or under its direction or control. The appellant further answered that the National Supply Company made a contract with D. L. Eubanks, whereby he undertook to unload from freight cars various material and machinery used by it, at the rate of $12 per day; and that under such agreement he was to choose and did choose his own method and manner of work, hired all of his men, including the deceased, at wages agreed upon between him and them; that D. L. Eubanks paid the wages of his helpers and exercised control and authority over them; that the National Supply Company did not hire the deceased nor pay him for his work, neither did it control nor direct the work done by the deceased, nor the other men employed by D. L. Eubanks; that the deceased, at the time and place of the accident, was in the employment of D. L. Eubanks, under his direction and control, subject to his orders and authority, and at such time was not in the employment of said company nor engaged in or about its business; that D. L. Eubanks was an independent contractor, unloading freight for said company in carload lots at $12 per day, and devoted a relatively small portion of his time to unloading cars for the National Supply Company, and the remainder of the time he performed similar work for other supply houses, under contracts similar to the agreement with the National Supply Company.

In response to special issues submitted by the court, the jury found in effect that the deceased, Archie J. Eubanks, was, at the time of the accident and injuries resulting in his death, an employee of the National Supply Company and received such injuries in the course of such employment; that his average daily wage for the previous year was $5 per day during the days he was employed; and that his average weekly earnings for the preceding year was $20 per week.

Based on these and other findings unnecessary to mention, the court rendered judgment against the appellant for the sum of $6,231.50; that of this amount $836.88 had matured and should be paid at the date of the judgment, and the balance thereof should be paid in weekly installments, fixed the amount thereof, and designated to whom such weekly payments should be made, from which judgment this appeal is prosecuted.

[1] The appellant attacks the jurisdiction of the district court and this court, asserting that the record nowhere shows that appellees filed with the clerk of the trial court the award of the Industrial Accident Board.

The following agreement is in the record:

"It is agreed by the parties hereto that on the 29th day of May, 1925, and at the time of the injury of Archer J. Eubanks, deceased, the National Supply Company of Texas was a subscriber to the Employers' Liability Act of the State of Texas, and as such subscriber carried insurance on its employees with the defendant Texas Employers' Insurance Association, and. at said time had a policy of insurance with the defendant and issued by the defendant under the terms and provisions of said Employers' Liability Act, also known as the Workmen's Compensation Act, and that said insurance was in full force and effect on said 29th day of May, 1925, and at the time of the injury to the said Archer J. Eubanks; that the National Supply Company· of Texas was subject to said Workmen's Compensation .Act or Employers' Liability Act, and that both the National Supply Company of Texas and the Texas Employers' Insurance Association had complied with the .law with reference to said kind of insurance so as to make the said Texas Employers' Insurance Association an insurer of the employees of the said National Supply Company of Texas, under said act.

"It is further agreed that the plaintiffs gave notice to the National Supply Company of Texas, and to the defendant Texas Employers' Insurance Association, of the injury to the said Archer J. Eubanks within 30 days from the time that said· injury was sustained in the manner provided by said Employers' Liability Act of Texas, and filed with the Industrial Accident Board of the State of Texas their claim for ·compensation within 6 months from the time that said injury was sustained; that after due notice to all parties interested, the Industrial Accident Board of the State of Texas on the 6th day of October, 1925, made their award and decree in said cause; that within 20 days from the date of said award in the manner required by said act, the plaintiffs gave notice in writing to the defendant Texas Employers' Insurance Association, and to the Industrial Accident Board of the State of Texas, that they were not satisfied with the said award, and did not intend to abide by same and ·would file suit to set said award aside; that within 20 days from the giving of said notice, the plaintiffs filed this suit in the Seventy-Eighth district court of Wichita county, Tex., to set aside said award and for compensation."

Under this agreement the assignment is without merit.

[2] The appellant assigns as error the action of the trial court in refusing to direct a verdict for it and rendering judgment against it, because it contends the uncontroverted evidence shows that the deceased, at the time of the accident resulting in his death, was an employee of D. L. Eubanks, an independent contractor.

The testimony discloses that appellees were the father and mother of the deceased; that the National Supply Company was in business at Electra, Tex., and handled all kinds of oil well machinery and supplies, shipped to it sometimes in carload lots and sometimes in shipments of less than carload lots; that for some time prior to January 1, 1924, D. L. Eubanks at different times worked for said company at 50 cents per hour, assisting in unloading freight from railroad cars and doing other general work; that after January 1, 1924, he continued to put in a part of his time at 50 cents per hour for said company, when engaged in unloading less than carloads, and a part of his time he worked for other supply houses; that about said date, he agreed with said company to unload carload lots for it at $12 per load and furnish and pay such help as he needed in unloading carload lots of material; that in unloading material from the cars said company furnished a derrick, crane, and, in fact, all of the machinery and tools used for said purpose, whether it was a carload or less than a carload; that the company notified Eubanks when a shipment came in and directed him where the material should be placed in its building or in its yard and exercised the same control and supervision when he was engaged in unloading full carloads at $12 per car, at it did when he was engaged in unloading less than .a carload at 50 cents per hour; that the deceased assisted in unloading freight for the company, if it was less than a carload, at 50 cents per hour, for which the company paid him, and if it was a carload his father paid him $2 per load, and a part of the profits he made; that the manager or assistant manager directed where the material should be placed in the house, where it should be placed in its yards, sometimes gave directions relative to unloading the machinery; but not often, for the reason that both appellee and deceased understood the work; that at one time the manager refused to allow one of appellee's younger sons to work, while a carload of material was being unloaded, because he was under 17 years of age; that the company knew that the deceased was assisting his father in unloading the carload lots of material and he made inquiry as to the remuneration he was receiving; that about May 29, 1925, while engaged in unloading a carload of material shipped to the company, the flywheel of an engine 6. or 8 feet in diameter and weighing somewhere about 1,400 pounds fell on, crushed, and caused the death of deceased; that deceased had been helping his father unload cars for more than a year, previous to his death; that sometimes through its agent the company would· call Eubanks and his crew, while engaged in unloading a carload, to do other work for the company.

Under this record, it is our opinion that the question ·of whether D. L. Eubanks was an independent contractor, or an employee of the National Supply Company, was an issue of fact properly submitted to the jury, and the findings thereon are sustained by the evidence. Maryland Casualty Co. v. Scruggs (Tex. Civ. App.) 277 S. W. 768, and author-

ities cited; King v. Galloway (Tex. Com. App.) 284 S. W. 942.

[3] In response to a special issue requested by appellant and given by the court, the jury found that the National Supply Company exercised "direction and control in material respects over D. L. Eubanks, as to the manner, method and means in which he did his work in all its details." The effect of this finding makes D. L. Eubanks an employee of the National Supply Company, instead of an independent contractor, and having requested the submission of this issue, the appellant can complain neither that it should not have been submitted, nor that the jury's finding thereon is without supporting testimony. Poindexter v. Receivers of Kirby Lumber Co., 101 Tex. 323, 107 S. W. 42; Sanford v. Nueces River Valley R. Co. (Tex. Civ. App.) 143 S. W. 329; Gosch v. Vrana (Tex. Civ. App.) 167 S. W. 757; Lake v. Jones Lumber Co. (Tex. Civ. App.) 233 S. W. 1011.

[4] The appellant assails as error the action of the trial court in refusing at its request to instruct the jury not to consider any testimony relative to the direction or control exercised by the National Supply Company over D. L. Eubanks in placing the freight unloaded by him in its yard or warehouse, and not to consider any work done by D. L. Eubanks or the deceased, for the National Supply Company at 50 cents per hour. The pleadings were sufficient to authorize this testimony. Appellant in its brief presents no error for the admission of this testimony. The evidence discloses that the same authority, control, and supervision was exercised by the National Supply Company over D. L. Eubanks and the deceased while unloading carload lots as it exercised over them in unloading less than carload lots; the work was done at the same place with the same tools and machinery and the same method and manner used in both instances. In our opinion this testimony was admissible, under the condition of the record, and there was no error in refusing to instruct the jury not to consider it.

[5] The appellant challenges as erroneous the court's instruction "that by the word 'employee' is meant any person in the service of another under a contract of hire whether express or implied, oral or written, where the other retains the right to prescribe the means and methods of performing the labor and to control the material details of same," because in addition the court should have, as it requested, told the jury "that in determining whether or not one is an employee of another, you will not take into consideration control or direction exercised by the other over the final results of the work."

Article 8309, R. C. S. 1925, defining "employee," reads: "'Employee' shall mean every person in the service of another under any contract of hire, express or implied, oral

or written," and gives certain exceptions, not material here. The court followed the language of this statute, and added in substance, to make the instruction applicable, that the employer would retain the right to prescribe the means and methods of performing the labor by the employee and control the material details of such labor, and it was not reversible error, in our opinion, to fail to make the addition requested by appellant, that the jury should not take into consideration the control or direction exercised by the employer over the employee as to the final results of the work.

[6] The appellant urges as error the action of the trial court in refusing to grant it a new trial because of the misconduct of the jury. The record discloses that while the jury was considering the verdict they came into open court and in writing propounded to the trial judge, through their foreman, this question: "Did the National Supply Company pay premiums on insurance on $12 per car, for all cars unloaded for them?" To which the court answered: "Gentlemen of the jury, you heard the evidence introduced and you are the exclusive judges of it, as instructed in the charge given."

[7] The one juror, offered as a witness on the motion for a new trial, testified that the reason the jury asked the court the question was because, so far as the jurors knew, there was no evidence on it; that no juror stated that he knew the premium had or had not been paid; that there was not very much said about it; "it never was clear to my mind whether the premium was paid or was not paid. I think that if I had known that this premium was not paid by the company, I would not have decided as I did. If it had been clear to my mind, I would have thought he was employed by his father instead of the National Supply Company. Here was the way I felt about it, that the premium must have been paid or it would have been brought out that it was not, and but for that belief I do not think that I would have rendered the verdict I did on that question."

[8-10] There is no testimony that the matter was mentioned or discussed further by the jurors after the question was propounded to the court and answered by him. That the insurance carried by the National Supply Company with appellant was in force and covered all the employees of said company is admitted by agreement. That the deceased was injured in the course of his employment is not controverted. The issue before the court was appellant's liability under its insurance contract with the National Supply Company, and this liability depended on whether the deceased was an employee of said company at the time he received his injuries resulting in his death, and the jurors, thinking and believing that the premium covered the deceased, was a permissible and

legitimate inference to be reached from the evidence in the record, and as no additional testimony was heard by the jurors outside of that admitted by the court, it was not misconduct for them to discuss whether or not the record showed that the premium paid covered the deceased. Dallas Ry. Co. v. Hallum et al. (Tex. Civ. App.) 276 S. W. 460. A juror cannot impeach his verdict, and illogical reasons therefor are not misconduct. Ross v. West Texas Utilities Co. (Tex. Civ. App.) 281 S. W. 641. The views and notions that jurors may entertain individually or collectively, of the law, cannot affect their verdict., Kilgore v. Jordan, 17 Tex. 342. And the failure of the jury to "comprehend the charge of the court with reference to the facts proven," and the failure "to apply the law given in the charge to the evidence before them," cannot be urged as misconduct. Phillips v. T. & P. Ry. Co. (Tex. Civ. App.) 281 S. W. 1104.

Finding no reversible error presented, the judgment is in all things affirmed.