**ZAMORA et al. v. ZAMORA et al.**

**No. 12552.**

Court of Civil Appeals of Texas.
San Antonio.

June 10, 1953.

Rehearing Denied Sept. 2, 1953.

Rankin, Kilgore & Cherry, Edinburg, for appellants.

Kelley, Looney, McLean & Littleton, Edinburg, for appellees.

NORVELL, Justice.

This being the second appeal of this case, we refer to the former opinion for a more complete statement of the controversy between the parties. Zamora v. Zamora, Tex.Civ.App., 241 S.W.2d 635. Upon the present trial, one issue only was submitted to the jury, viz.:

"Do you find from a preponderance of the evidence that after all parties had executed the partition agreement * * * that Guadalupe Garza Zamora gave Tract No. 3, out of the San Salvador del Tule, to Felicitas Garza Zamora?"

Upon a negative answer being returned, judgment was entered for appellees who were the plaintiffs below.

Appellants, Felicitas Garza Zamora and her husband, Romula Garza, present two points, contending (1) that the court erred in overruling their motion for judgment non obstante veredicto, and (2) that the court erred in refusing to hear evidence upon their motion for new trial, whereby they sought to have the verdict set aside for alleged jury misconduct.

Appellants made no objections to the wording of the issue submitted by the court, but insist that it conclusively appears from the testimony of Guadalupe Garza Zamora that he, acting as a commissioner of partition under an agreement among the heirs of Maria Ignacia Zamora de Garza, "gave" or awarded tract No. 3 of such partition to Felicitas Garza Zamora. It is contended that the testimony of the commissioner was binding upon the appel-

lees and constituted a quasi-admission compelling a rendition of judgment for appellants. As to quasi-admissions see IV Wigmore on Evidence, §§ 1058, 1059.

 Attached to their motion for judgment non obstante veredicto is an excerpt from the statement of facts containing a portion of the testimony of Guadalupe Garza Zamora. This in turn is carried forward in the brief. We cannot say that it conclusively appears therefrom that Felicitas Garza Zamora was "given" or awarded tract No. 3, in accordance with the partition agreement. The commissioner's testimony is subject to the construction that although he had suggested or offered to give tract No. 3 to Felicitas Garza Zamora, she had objected to receiving it, whereupon he allotted tract No. 8 to her. It was not shown as a matter of law that tract No. 3 had been definitely set aside to Felicitas Garza Zamora. Appellants' first point is overruled. Texas Employers' Ins. Ass'n v. Hale, Tex.Civ.App., 188 S.W.2d 899, affirmed 144 Tex. 432, 191 S.W.2d 472; United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224.

Attached to appellants' motion for new trial were two forms of statement, one for the signature of W. P. Yarbrough, the jury foreman, and the other for the signatures of C. F. Rydl and Dexter Haywood. The record shows, however, that Rydl only signed the statement prepared for him and swore to it before a notary public.

In this affidavit, Rydl stated that he remembered one of the juror's saying that as Felicitas Garza Zamora had not accepted tract No. 3, there could be no gift and, by way of example, said that if "he told someone that he was going to give them a hundred dollars tomorrow, and they later refused to take it, or he changed his mind and did not give it to them, that there would be no gift of the hundred dollars."

The form of statement prepared for Yarbrough but not signed by him was somewhat similar. Its purport was that the jury concluded that Felicitas Garza Zamora had refused to accept tract No. 3 when it was offered her, and that therefore she should not now be allowed to recover it by suit.

By a supplemental transcript it is made to appear that eleven of the jurymen had been summoned and were available as witnesses when the motion was called for hearing. The trial judge refused to hear testimony upon the ground that no affidavit had been presented showing the commission of an overt act of jury misconduct and that the statements relied upon related to the reasoning processes by which the jury arrived at its verdict.

We hold that the trial court did not abuse its discretion in refusing to hear testimony upon the motion. The case of Jones Lumber Company v. Murphy, 139 Tex. 478, 163 S.W.2d 644, seems controlling on the point. As to testimony relating to the mental processes by which a jury reaches a verdict, see, Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642; Barrington v. Duncan, 140 Tex. 510, 169 S.W. 2d 462.

Appellants' second point is overruled. The judgment is affirmed.