**PETE–RAE DEVELOPMENT COMPANY,**
**Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 3642.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 19, 1962.

Rehearing Denied Feb. 9, 1962.

William H. Shireman, Corpus Christi, for appellant.

C. Edwin Prichard, Jr., Asst. County Atty., Corpus Christi, for appellee.

GRISSOM, Chief Justice.

The State of Texas instituted condemnation proceedings against a portion of the parking lot of a shopping center owned by Pete-Rae Development Company. There was an appeal from the award of the commissioners to the County Court. From a judgment awarding compensation for the land taken but refusing to award damages to the land not taken, the land owner has appealed.

At the conclusion of the State's evidence said company moved for a dismissal of the case on the ground that the State had failed to prove a jurisdictional requirement in that it had failed to prove that a bona fide effort was made to agree with the land owner on the amount of damages and that the effort failed. Said motion was overruled. Appellant's first point is that the court erred in overruling said motion. Appellant has presented to this court only excerpts from the testimony. However, if we should treat the evidence presented as all the evidence pertinent to said question, we would be compelled to hold that such failure is not established. Although there may be testimony which raised the issue that the person making the offer to the land owner was not authorized by the Commissioners' Court to make it, nevertheless, we conclude that, at most, it was a question of fact. It was not submitted, nor was its submission requested. Mr. Bowers, the right of way agent for Nueces County, testified, in effect, that with authority from the Commissioners' Court of said county, his office did negotiate with appellant with reference to acquiring the portion of its parking lot in controversy; that, acting under the authority of said Court, an effort was made to agree with appellant on the acquisition of said right of way; that an offer was made for this particular property and it was rejected by appellant; that the offer made to appellant by said agency, under the authority of said Commissioner's Court, was, presumably, based upon an appraisal made by Givens & Moore; that appellant knew of said appraisal and of an appraisal made by Mr. Legge, who had experience in appraising shopping centers; that appellant offered to settle on the basis of Legge's recommendation but the right of way agent for the county refused to make an offer based on Legge's recommendation. He testified that he did make an offer to appellant and that appellant rejected it; that he had authority from the Commissioners' Court to negotiate with appellant; that he had authority to acquire the right of way. Much of the confusion resulting from the vague answers of said right of way agent, from which appellant concludes that it is established that the right of way department did not have authority to act for the court may, we think, be explained by the fact that said agent was attempting to make it plain that no one had authority to make an offer based on Legge's recommendation. We conclude that the evidence does not establish that the offer made and rejected was not authorized. Appellant's first point is overruled.

Appellant's second point is that the court erred in overruling, and refusing to hear evidence upon, a motion for new trial containing allegations of jury misconduct. Under Rules of Civil Procedure, rule 327,

such a motion must contain allegations of fact that constitute misconduct. Some overt act of misconduct must be alleged. The gist of the complaint was that the jury was guilty of misconduct because some of them misconstrued the charge and the court's answer to a question submitted by the jury. In Whited v. Powell, 155 Tex. 210, 285 S.W.2d 364, our Supreme Court held that an express misconstruction of the charge, which did not bring to the attention of the jury law or facts outside the record, did not constitute jury misconduct within the meaning of Rule 327. Because the facts alleged did not show jury misconduct within the meaning of said rule the court did not commit reversible error in refusing to hear testimony relative thereto. In Zamora v. Zamora, Tex.Civ.App., 260 S.W.2d 604, (Writ Ref.), it was held that where there was no affidavit showing the commission of an "overt act of jury misconduct", and the allegations of misconduct related to the reasoning processes by which the jury arrived at its verdict, the trial court did not abuse its discretion in refusing to hear testimony on such motion. The court's action is also supported by the decision of our Supreme Court in Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483. The fact that jurors did not understand the charge or misapplied the law is not jury misconduct. Texas Employers' Insurance Ass'n v. Eubanks, Tex.Civ.App., 294 S.W. 905, 909, (Writ Ref.); Bradley v. Texas & Pacific Railway Co., Tex.Com.App., 1 S.W.2d 861; Meyer v. Gillespie County, Tex.Civ.App., 109 S.W.2d 220, 221, (Writ Dis.); Kuykendall v. Johnson Funeral Parlor, Tex.Civ. App., 38 S.W.2d 601, 604.

■ Appellant's last point is that the court erred in entering judgment nunc pro tunc after the term at which the case was tried because it had not rendered judgment during that term. A jury verdict that was plain and simple and could result in but one judgment was received at one term. Due to the press of business and without fault of the State, the trial court did not reach the matter of rendering judgment at the term the verdict was returned. A few days thereafter, at the next term, the court both rendered and entered the only judgment which could have been rendered on said verdict. In Williams v. Wyrick, 151 Tex. 40, 245 S.W.2d 961, our Supreme Court held that a prevailing party should not be deprived of his legal right to a judgment on a verdict by the failure or neglect of the court to render judgment during the term; that, where a case was ripe for judgment before the end of the term at which it was tried, a judgment might be both rendered and entered nunc pro tunc at the next term.

All of appellant's contentions, ably presented by its distinguished counsel, have been carefully considered. They are overruled. The judgment is affirmed.