**J. WEINGARTEN, INC., Appellant,**

v.

**Consuelo AZIOS et vir, Appellees.**

**No. 14416.**

Court of Civil Appeals of Texas.

Houston.

Nov. 5, 1964.

Rehearing Denied Dec. 3, 1964.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr. and Raybourne Thompson, Jr., Houston, for appellant.

W. W. Watkins, Freeman Bullock and W. James Kronzer, Houston, and Brown, Kronzer, Abraham, Watkins & Steely, Houston, of counsel, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment for the plaintiff in a personal injury case.

In its amended motion for new trial appellant stated that a new trial should be granted because the answer made by the jury to the damage issue constituted a "quotient verdict" in that "the twelve (12) jurors each suggested an amount which would have been awarded the plaintiffs herein, said amounts were added and the total of said amounts divided by twelve (12) to arrive at the sum of $39,333.00." Attached to the motion were affidavits of Paul W. Jones, who was employed by appellant as Claims Manager, Raybourne Thompson, Jr., and B. Jeff Crane, attorneys with the firm representing appellant in the trial of this case and on this appeal.

The affidavit of Mr. Jones stated that on November 21, 1963 certain named jurors said that "the jury had arrived at an answer to Special Issue No. 10 (the damage issue) by a quotient verdict." In Mr. Crane's affidavit appears the statement that the same jurors "stated that the answer of the jury to Special Issue No. 10, in the amount of $39,333.00, was reached by adding together the amounts suggested by each juror and dividing such amount by 12."

Mr. Thompson made affidavit that he was requested by Mr. Crane to contact as many jurors as possible to obtain affidavits as to the method used by the jury to answer Special Issue No. 10, and that "those jurors contacted" were unwilling to make affidavits.

Appellees filed exceptions to the amended motion for new trial and a motion to strike the portions thereof relating to the alleged jury misconduct. At the hearing on the motion eleven of the jurors were present in response to subpoenas. One of the jurors named in the affidavits was sworn as a witness. Counsel for appellees then objected to the eliciting of testimony from the witness calculated to probe the jurors' deliberations. The trial court sustained appellees'

exception and refused to permit the questioning of the witness except for the purpose of perfecting a bill of exceptions. Appellant declined the proffered opportunity to perfect its bill of exceptions. None of the other jurors was called.

■ The jury misconduct, as set out in the motion for new trial, was not sufficient to show error in that it was not alleged that the jurors made a prior agreement to adopt as their verdict the result of the mathematical computation. The affidavits are not sufficiently specific in this respect to aid the amended motion. Karotkin Furniture Co. v. Decker, Tex.Civ.App., 32 S.W.2d 703, aff'd Tex.Com.App., 50 S.W.2d 795; Texglass, Inc. v. Suhovy, Tex.Civ.App., 380 S.W.2d 904; Western Cotton Oil Co. v. Mayes, Tex.Civ.App., 245 S.W.2d 280; Southern Traction Co v. Wilson, Tex.Civ. App., 241 S.W. 636, rev. on other grounds Tex.Com.App., 254 S.W. 1104.

■■ The trial court does not abuse his discretion in refusing to hear testimony of jurors concerning proceedings in the jury room, in the absence of an affidavit of a juror setting out specific facts which transpired in the jury room constituting jury misconduct, or demonstrating the probability that jury misconduct in fact occurred. An affidavit of an attorney or other person not a member of the jury will not suffice since it must be presumed that such an affidavit could not be based on personal knowledge because of the secret nature of the jury deliberations.

In Roy Jones Lumber Co. v. Murphy, 139 Tex. 478, 163 S.W.2d 644, opinion adopted, the court, in discussing the necessity for the verification of the motion for new trial, said:

"As to jury misconduct, obviously anything the party or his attorney might say on that subject would in nearly every conceivable situation be pure hearsay, since neither could have any direct knowledge as to what happened during the jury's deliberations. Making oath to hearsay information under such circumstances would add no force to the things heard. Therefore, we hold that a motion for a new trial on the ground of jury misconduct does not have to be verified. Estep v. Bratton, supra [Tex.Civ.App., 24 S.W.2d 465]; 46 C.J., p. 315, § 306; 39 Am.Jur., p. 189, sec. 188."

It is obvious, therefore, that when the court later in the opinion referred to affidavits attached to the motion for new trial, it referred to affidavits made on personal knowledge of the facts constituting jury misconduct. Robertson v. Humble Oil & Refining Co., Tex.Civ.App., 116 S.W.2d 820, writ dism.

■ The failure to attach affidavits is not fatal if a reasonable excuse for not exhibiting the same exists. Roy Jones Lumber Co. v. Murphy, supra. It appears from the record that a period of forty days elapsed from the date appellant acquired knowledge of the suspected misconduct and the date of filing of the amended motion for new trial. The Thompson affidavit implies that not all jurors were interviewed; does not state the number interviewed; and gives no explanation for not interviewing all jurors. This affidavit fails to show a reasonable excuse for the failure to attach the affidavit of a juror as an exhibit to the amended motion for new trial. Moran Utilities Co. v. McHaney, Tex.Civ. App., 325 S.W.2d 712, writ ref., n. r e.

After a careful examination of the record in this case, we find that the damages awarded appellees are fully supported by competent evidence. We do not find either that the verdict is excessive or that it is tainted with passion or prejudice.

The judgment of the trial court is affirmed.