John W. METCALFE, John J. Sweeney, and Wesley J. Malloy, Appellants,

v.

BAKER PUMP CORPORATION, Appellee.

No. 6111.

Court of Civil Appeals of Texas, El Paso.

July 15, 1970.

Rehearing Denied Aug. 19, 1970.

Yetter, Johnson & Allen, Richard Yetter, El Paso, for appellants.

Collins, Langford & Pine, William C. Collins, Robert S. Pine, El Paso, for appellee.

## OPINION

WARD, Justice.

This is an appeal from judgment entered on a suit brought by the appellee on a promissory note executed by the appellants. Trial was to a jury and upon their findings money judgment was entered in favor of the appellee and foreclosing liens on certain properties and contracts. Relief sought by the appellants on their cross-action was denied. We affirm the judgment of the trial court.

■ Appellee as purchaser and assignee of the note in question filed his petition on the note with the usual allegations seeking judgment and foreclosure of certain security agreements. The appellants filed certain special exceptions to the petition, the allegations being very general. The court sustained these exceptions and ordered the appellee to attach copies of the note, and the security instruments, to the petition, and an order was so entered. However, the appelleee neglected to attach these instruments. The parties then announced ready for trial and, while the plaintiff was proving up his case, the note and the various bills of sale and security agreements were introduced into evidence without objection by the appellants. The evidence showed that all of the instruments in question were prepared by the appellants' attorney trying the present case. We have presented the point that after the court sustained the exceptions, there are now fatal gaps in the appellee's petition because the instruments were not attached. By express waiver, trial by consent and the harmless error rule, the first point is overruled.

■ The next point concerns jury misconduct as it relates to the question of a tender by the appellants of a payment due on the note. If a favorable answer had been made by the jury to the effect that there had been a tender, the appellants would have been entitled to judgment, as the maturity of the note could not have been accelerated. Three affidavits made by jurors, attached to the motion for new trial, and the testimony of the three jurors on the hearing for motion for new trial, revealed that one of the jurors used the argument against the appellants on the issue of tender that when he paid his bills he always got a receipt, and produced a telephone bill receipt to substantiate that fact. The argument was that anyone who tries to make a legal tender should obtain a receipt. On cross-examination of the three jurors called by the appellants to substantiate this conduct, it was developed that each of the jurors had given a statement to the appellants' attorney with no notary being present and without swearing to the truth of the contents of the statements. As the statements appeared when attached to the motion for new trial, they each purported to be sworn statements. As a matter of possible criminal liability was presented to the trial judge by this testimony against the notary public as well as by any other person participating therein, the judge correctly ordered the three affidavits stricken from the record. The trial court, having stricken the affidavits, acted correctly in overruling the motion for new trial as far as it concerned jury misconduct, as he then had before him only shotgun allegations of

**348**

jury misconduct. The trial court in his sound discretion could then decline to consider the jury testimony. Rule 327, Texas Rules of Civil Procedure; McDonald, Texas Civil Practice, § 18.13; Griffith v. Hudspeth, 378 S.W.2d 153 (Tex.Civ.App.1964, San Antonio).

■ Even if he considered it, we fail to see where the illogical and faulty argument that a person who pays a bill gets a receipt (a matter unfortunately of common knowledge to the bill-paying public) would have any bearing on the matter of tender of a payment. The erroneous logic is not misconduct. The juror's deductions, inferences from the evidence and reasoning, though faulty, arbitrary or bizarre, do not constitute misconduct. Griffith v. Hudspeth, *supra*. The point relating to jury misconduct is overruled.

Appellants urge that there is no evidence to support the jury findings on the two special issues submitted, or, in the alternative, there is insufficient evidence to support them. These points require a review of the evidence under the appropriate test first applicable to "no evidence" and then under tests applicable to "insufficient evidence". Calvert, 38 Texas Law Review 361.

■ On May 22, 1968, a $2,500.00 payment on the note became due. This payment was not made, and it was on this basis that the maturity of the note was later accelerated, all of the note was declared to be due, and suit was instituted for its collection. This was the crucial matter presented by the parties in the trial court, the appellee contending that this payment was demanded by the note holder and that it had been refused; the appellants contending that acceptance of the payment was refused by the note holder. We have examined the Statement of Facts, and the note holder and a friend of his testified that not only was no tender made, but that the appellants told the note holder that the payment would not be made. The no-evidence point is overruled. The appellants

have testified to the opposite version. That is, that they were ready, able and willing to make the payment but that the note holder refused to accept the payment without additional benefits being granted to him. There was a sharp conflict in the evidence which the jury, in the exercise of its proper function, resolved against the appellants. After reviewing all of the evidence, the insufficient evidence point in this regard is overruled.

Further, having applied the proper tests to the special issue on reasonable attorney's fee, we find no error. Therefore, the no-evidence and insufficient evidence points regarding that issue are overruled.

Finally, we have carefully considered the appellants' final points and, finding that they likewise, are without merit, they are overruled.

The judgment of the trial court is affirmed.