Dr. Narciso CORTEZ, Appellant,

v.

The MEDICAL PROTECTIVE COMPANY OF FORT WAYNE, INDIANA, et al., Appellees.

No. 1224.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1977.

Rehearing Denied Jan. 5, 1978.

Homero M. Lopez, Lopez, Uribe & Monson, Brownsville, for appellant.

Gary R. Gurwitz, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellees.

## OPINION

NYE, Chief Justice.

Plaintiff, Dr. Narciso Cortez sued his medical malpractice insurer, Medical Protective Company, alleging that the insurance company had damaged his professional reputation and caused him severe emotional distress because it had settled a malpractice claim without his knowledge or consent. In response to special issues, the jury found that Dr. Cortez did not suffer any damages. Whereupon a judgment was entered in favor of the defendant company. Plaintiff's sole point of error on appeal is material jury misconduct.

In April 1972, a Jose Gutierrez individually and on behalf of his son sued Dr. Cortez for an alleged negligent surgical treatment of his son. The record indicates Dr. Cortez had never treated this patient nor participated in the surgery leading to the negligence claim. Dr. Cortez carried a medical malpractice insurance policy with defendant Medical Protective and under the terms of the policy the insurance company had a duty to defend Dr. Cortez against any malpractice claim. Dr. Cortez telephoned an agent of defendant insurance company to inform him of the mistaken identity and to request that the insurance company take corrective action. The insurance agent told Dr. Cortez the name of the attorney assigned to his case and assured him the matter would be resolved. After several unsuccessful attempts to contact the insurance company's attorney, Dr. Cortez again telephoned the agent and requested that another attorney be assigned to his case. Dr. Cortez received no further communication from the insurance company regarding the Gutierrez' negligence suit. In the meantime, Dr. Cortez hired a private attorney who investigated and discovered that the suit against him had been settled. Thereafter, Dr. Cortez instituted this suit against his insurance company.

During the course of the trial, it was uncontradicted that Dr. Cortez' insurance policy provided that the company "shall not compromise any claim—without the consent of the insured" and it was stipulated that the insurance company settled the lawsuit in question without the knowledge or consent of Dr. Cortez. Dr. Cortez' motion for new trial alleged one ground of jury misconduct. It was to the effect that the jury disregarded the stipulation of the parties and determined that Dr. Cortez' call to the insurance company constituted consent on the part of Dr. Cortez to the settlement without being further advised. This consideration by the jury was in total disregard of the evidence and the stipulation agreed to by the parties and as such was a determining factor by which the jury found that Dr. Cortez was not entitled to his claim of damages. The motion stated that affida-

vits of jurors were not attached because they were reluctant to sign the same. However, the affidavit of an investigator for Dr. Cortez' attorney was attached. This affidavit read as follows:

"I, GUADALUPE OLVERA III, being under the employment of HOMERO M. LOPEZ, LAW OFFICES as Law Clerk and Investigator did talk to Mrs. Irene Atkinson Guerrero and Rogelio G. Garza in regards to the basis of their decision in Case No. 75–521–A, DR. NARCISO CORTEZ VS. THE MEDICAL PROTECTIVE COMPANY. Both Jurors informed me that the reason for rendering a Judgment against Dr. Cortez was because *they understood* that he had given his consent to the Insurance Company in Special Issue No. One for settlement purposes.

/s/ Guadalupe Olvera III
GUADALUPE OLVERA III"

(emphasis added)

Although no juror affidavits were attached to the motion for new trial, three jurors were present and were willing to testify. The record indicates the trial judge considered the motion and then heard the arguments of counsel to determine whether the jurors' testimony should be allowed or prohibited as an invasion of the jurors' mental processes. Dr. Cortez' attorney argued to the court that the misconduct of the jury was as follows: that the jurors considered that Dr. Cortez' phone call to the insurance company constituted consent by Dr. Cortez to settle the case in spite of the instructions of the court; that the jury disregarded the instructions of the court and if the jurors had been allowed to testify that they would state that Dr. Cortez was not entitled to damages because of the alleged telephone consent he had given to his insurance company. The trial judge told the attorney for Dr. Cortez that all of this amounted to an invasion of the jury's mental processes, however, the trial court agreed to permit Dr. Cortez' attorney to dictate a stipulation into the record as to the substance of the jury's testimony, had they been permitted to testify. The stipulation which was agreed to by the attorney for the insurance company was as follows:

"What evidence I would produce would be, in substance, that more than three jurors have told me was the fact *that they had taken* that Dr. Cortez consented by virtue of calling the insurance company and, therefore, he had no right to file any suit or claim any mental anguish because he was part of that consent by virtue of the telephone call . . ."

Based on this stipulation, the trial court then denied Dr. Cortez' motion for new trial and refused to hear the jurors' testimony.

The Texas Supreme Court in *Roy Jones Lumber Co. v. Murphy,* 139 Tex. 478, 163 S.W.2d 644 (1942), established rules to determine when a trial court must hear testimony of jurors during a hearing on a motion for new trial predicated on jury misconduct. The court there stated:

"The only remedy against 'fishing expeditions' where misconduct is charged, is to require that, by affidavits, the movant shall prove his good faith, and, by *particularizing,* demonstrate that his allegations of misconduct are based upon knowledge and not suspicion or hope."

"Therefore, we hold the correct rule is: (1) [I]f affidavits are attached to the *motion showing material jury misconduct* it is reversible error for the trial court to refuse to hear testimony on the motion,

\* \* \*

(2) or, if the motion discloses a *reasonable explanation and excuse* as to why affidavits cannot be secured and exhibited, in connection with *sufficient allegations of material jury misconduct,* it is likewise reversible error to decline to hear testimony on the motion, \* \* \* but

(3) in the absence of such affidavits or a reasonable excuse for not exhibiting the same, a refusal to hear testimony from the jurors on the motion is a matter within the sound discretion of the trial judge." (emphasis added)

▆▆ Our threshold inquiry is whether Dr. Cortez' motion contains "sufficient allegations of material jury misconduct." Rule 327, Texas Rules of Civil Procedure, requires more than "shot gun allegations" of

misconduct as a basis for subjecting jurors to a searching inquisition in an effort to uncover suspected jury misconduct. *Metcalfe v. Baker Pump Corp.,* 457 S.W.2d 346, 347–48 (Tex.Civ.App.—El Paso 1970, writ ref'd n. r. e.); *Griffith v. Hudspeth,* 378 S.W.2d 153, 156 (Tex.Civ.App.—San Antonio 1964, no writ); *Walker v. Missouri Pacific Railroad Co.,* 425 S.W.2d 462, 466–67 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). The juror affidavits, or the motion itself where there is a reasonable excuse for the absence of juror affidavits, should set forth specific facts concerning the act of misconduct relied upon, naming or identifying the juror or jurors who committed the misconduct, and showing that, as a consequence, harm resulted to the movant. *Sumners Road Boring, Inc. v. Thompson,* 393 S.W.2d 690, 697 (Tex.Civ. App.—Corpus Christi 1965, writ ref'd n. r. e.); *Moran Utilities Co. v. McHaney,* 325 S.W.2d 712, 722 (Tex.Civ.App.—Beaumont 1959, writ ref'd n. r. e.); *Smith v. Houston Transit Co.,* 215 S.W.2d 187, 190 (Tex.Civ. App.—Galveston 1948, writ ref'd n. r. e.); *Robertson v. Humble Oil & Refining Co.,* 116 S.W.2d 820 (Tex.Civ.App.—Texarkana 1938, error dism'd). If the movant cannot state the facts specifically, he should plead the facts which show his inability to do so. The facts so pled must show that the charges are grounded on knowledge rather than suspicion. *Union City Transfer v. Adams,* 248 S.W.2d 256, 259–60 (Tex.Civ.App. —Fort Worth 1952, writ ref'd n. r. e.), cert. denied, 344 U.S. 912, 73 S.Ct. 334, 97 L.Ed. 703 (1953); *Freedman Packing Co. v. Harris,* 160 S.W.2d 130, 134 (Tex.Civ.App.—Galveston 1942, error ref'd w. o. m.).

▆▆ The facts alleging jury misconduct must demonstrate that the charge of jury misconduct can be substantiated through admissible evidence at the hearing on motion for new trial. *Lanphier Construction Co. v. Fowco Const. Co.,* 523 S.W.2d 29 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Sumners Road Boring, Inc. v. Thompson,* 393 S.W.2d 690 (Tex.Civ.App.— Corpus Christi 1965, writ ref'd n. r. e.). Jury misconduct can be proved only

through evidence of overt acts of misconduct. *Fountain v. Ferguson,* 441 S.W.2d 506, 507 (Tex.Sup.1969); *Baucum v. Statewide Hot Shot,* 550 S.W.2d 156 (Tex.Civ. App.—Corpus Christi 1977, writ ref'd n. r. e.). All conversation is an overt act but not everything said in the jury room is a proper subject of inquiry. *Trousdale v. Texas & New Orleans Railroad Co.,* 154 Tex. 231, 276 S.W.2d 242, 243 (1955). "[I]t is never permissible to allow a juror to preserve or destroy his verdict by testifying to mental processes by which he reached the same." *Sproles Motor Freight Lines, Inc. v. Long,* 140 Tex. 494, 168 S.W.2d 642, 644 (1943). Accord, *Motley v. Mielsch,* 145 Tex. 557, 200 S.W.2d 622 (1947); *Republic Ins. Co. v. Hale,* 128 Tex. 616, 99 S.W.2d 909 (1937); *Baucum v. Statewide Hot Shot,* 550 S.W.2d 156 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *Lanphier Construction Co. v. Fowco Const. Co.,* 523 S.W.2d 29 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). Mental processes are indicated when jurors use such words as "I thought," "I understood," "I wanted," "I felt," "I was convinced," "The impression I got," or "I considered." *Trousdale v. Texas & New Orleans Railroad Co.,* 154 Tex. 231, 276 S.W.2d 242, 243 (1955); *Putman v. Lazarus,* 156 Tex. 154, 293 S.W.2d 493, 494–95 (1956); *Western Cotton Oil Co. v. Mayes,* 245 S.W.2d 280, 288 (Tex.Civ.App.—Eastland 1951, no writ).

▇▇▇ Dr. Cortez' motion and his non-juror affidavit do not meet these standards. The motion and arguments contained general allegations to the effect that misconduct transpired during the jury's deliberations and as a result, that the jury answered special issue number one in disregard of the parties' stipulation and the trial court's instructions. The motion for new trial fails to allege any overt statement, overt act or any specific facts to support the assertion that misconduct occurred. The general allegations in the motion that the "jury . . . disregarded . . . and instead considered;" "the reason they [jurors];" and "the reason for—was because they [jurors] understood . . ." show that the mental processes and reasoning of the jury were at issue, not some material jury misconduct. In absence of an overt act of misconduct, a questioned finding which is based on the jury's illogical reasons or erroneous conclusions from the evidence is not jury misconduct. *Akers v. Epperson,* 141 Tex. 189, 171 S.W.2d 483, 486 (1943). It is not misconduct for jurors to misunderstand or misinterpret a portion of the court's charge and to argue an erroneous interpretation to the other jurors where facts and law outside the record are not brought to the jury's attention. *Whited v. Powell,* 155 Tex. 210, 285 S.W.2d 364, 367 (1956); *Transamerica Insurance Co. v. Beseda,* 443 S.W.2d 915, 919 (Tex.Civ. App.—Corpus Christi 1969, writ ref'd n. r. e.). See also *Compton v. Henrie,* 364 S.W.2d 179 (Tex.Sup.1963); *Adams v. Houston Lighting & Power Co.,* 158 Tex. 551, 314 S.W.2d 826 (1958); *Maryland Casualty Co. v. Hearks,* 144 Tex. 317, 190 S.W.2d 62 (1945); *Blaugrund v. Gish,* 142 Tex. 379, 179 S.W.2d 266 (1944).

▇▇▇ Dr. Cortez' motion for new trial was not supported by juror affidavits. The motion only stated that its contents were supported by the attached affidavit of the attorney's investigator. The trial court is not required to hear evidence upon a motion or affidavits which on their face are insufficient because they do not show any overt act of misconduct and the allegations relate to the reasoning process by which the jury arrived at their verdict. *Allala v. A. N. Tandy & Sons,* 127 Tex. 148, 92 S.W.2d 227, 228 (1936); *Zamora v. Zamora,* 260 S.W.2d 604, 605 (Tex.Civ.App.—San Antonio 1953, writ ref'd); *Griffith v. Hudspeth,* 378 S.W.2d 153, 156 (Tex.Civ.App.—San Antonio 1964, no writ); *Pete–Rae Development Co. v. State,* 353 S.W.2d 324, 326 (Tex.Civ. App.—Eastland 1962, writ ref'd n. r. e.). An affidavit of a person who is not a member of the jury will not generally meet the requirements set forth in *Roy Jones Lumber Co. v. Murphy,* above cited, because such an affidavit is based upon hearsay testimony and not upon the personal knowledge of the affiant. *Washington v. Griffin,* 427 S.W.2d 136, 140 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.); *J.*

**138**

*Weingarten, Inc. v. Azios,* 384 S.W.2d 160, 162 (Tex.Civ.App.—Houston [1st Dist.] 1964, writ ref'd n. r. e.); *Robertson v. Humble Oil & Refining Co.,* 116 S.W.2d 820 (Tex.Civ.App.—Texarkana 1938, error dism'd). Where juror affidavits are not attached to the motion for new trial, the motion must present a reasonable explanation and excuse for their absence. The only explanation or excuse contained in Dr. Cortez' motion for the absence of juror affidavits was that the jurors contacted were "reluctant" to execute affidavits. The proffered excuse that the jurors who had been contacted refused to sign affidavits is insufficient without a further showing of the diligence used to obtain affidavits from the other jurors. *Walker v. Missouri Pacific Railroad Co.,* 425 S.W.2d 462, 467 (Tex. Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). The Cortez motion implies that not all the jurors were interviewed and gives no explanation for not interviewing all of the jurors. This is not a sufficient excuse. *Washington v. Griffin,* 427 S.W.2d 136, 140 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.); *Walker v. Missouri Pacific Railroad Co.,* supra; *Neuhoff Brothers Packers, Inc. v. Brooks,* 410 S.W.2d 298, 300 (Tex.Civ.App.—Waco 1966, no writ); *J. Weingarten, Inc. v. Azios,* 384 S.W.2d 160, 162 (Tex.Civ.App.—Houston [1st Dist.] 1964, writ ref'd n. r. e.); *Moran Utilities Co. v. McHaney,* 325 S.W.2d 712, 722 (Tex.Civ. App.—Beaumont 1959, writ ref'd n. r. e.).

Since proper affidavits were not attached to the motion and the motion did not disclose a reasonable explanation and excuse as to why juror affidavits could not be secured and exhibited, it then became a determination of whether or not the trial judge abused his sound discretion in refusing to hear the testimony from the jurors on the motion. Although the appellant's attorney had three of the jurors waiting and available to testify, the stipulation as to what they would testify to was an insufficient showing of material jury misconduct to constitute reversible error. Compare *Murphy v. Davis,* 305 S.W.2d 218 at 223 et seq. (Tex.Civ.App.—Beaumont 1957, no writ) and see *Roy Jones Lumber*

*Co. v. Murphy,* supra. We hold that the trial court did not abuse its discretion in refusing to hear the jurors' testimony. The judgment of the trial court is AFFIRMED.