Victor L. NARANJO, Appellant,

v.

James H. CULL, Appellee.

No. 1261.

Court of Civil Appeals of Texas, Corpus Christi.

June 22, 1978.

Rehearing Denied Aug. 29, 1978.

William H. Berry, Jr., Corpus Christi, for appellant.

Jack K. Dahlberg, Jr., Law Offices of Guy H. Allison, Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

This is a jury misconduct case. Victor L. Naranjo sued James H. Cull for damages resulting from an automobile accident. Trial was to the jury. The jury awarded $2,000.00 damages to Naranjo, which he claims is grossly inadequate and is the result of a juror's misconduct; i. e., that a retired nurse on the jury panel interpreted the type and strength of certain prescriptions listed on Naranjo's medical records which were introduced into evidence without explanation. The court overruled Naranjo's motion for new trial based on jury misconduct, and he brings this appeal. We affirm.

This suit arises out of a rear-end collision between automobiles of appellant and appellee on September 1, 1973. The evidence shows that Naranjo was stopped at a traffic light when Cull struck the left rear corner of Naranjo's car. Naranjo claimed damage to his car, injuries to his neck and back, and an impairment to his learning ability which forced him to drop out of school.

Insofar as the damage to Naranjo's car was concerned, a police officer who investigated the accident testified that Naranjo's car sustained minimum damage; i. e., damage approximating $150.00. Naranjo, who had not had the car damage estimated up to the time of trial in March of 1977 and who was not experienced as an auto body mechanic, estimated the damage at $1,000.

As to his physical condition, Naranjo testified that prior to the accident he had served in Vietnam where he was severely wounded in the head, left shoulder, left elbow, left hip, and left knee. As a consequence of these injuries, Naranjo was discharged in 1969 as being 100% disabled and at the time of trial was classified as 80% disabled. He stated, though, that he had not suffered any neck or back injuries in Vietnam. Following the accident, Naranjo consulted several physicians at the Corpus Christi Naval Air Station complaining of headaches, neck and back pain, and numbness in his left arm. Between September

1973 and July 1975 he visited these physicians 25 times for traction and various medications not explained in the record. From July 1975 to July 1976 he visited these doctors three times and from July 1976 to the time of trial, which began March 21, 1977, he went only twice. In fact, at trial, he stated that he had stopped physical therapy "a while back." Naranjo contended that at first the medications were insufficient to eliminate his nagging neck and back pain, but that as time went on the pain had diminished and the medications gave relief. The medical bill at the Naval Air Station totaled $687.00 for these visits and medications.

In addition to consulting the physicians at the Naval Air Station, Naranjo saw Dr. Marco T. Eugenio, a neurosurgeon, who examined him. Dr. Eugenio testified that he examined Naranjo on December 14, 1973, two and one-half months after the accident, and found pulled and stretched muscles and ligaments in Naranjo's neck and spinal column. The doctor further testified that Naranjo had not complained of headaches at the time of the examination. He also stated that Naranjo's injury was not very serious, and it could be expected to heal naturally.

About his having to leave college, Naranjo testified that his Vietnam mishap had impaired his ability to remember. This memory problem had forced him to drop out of college once before and he had just reentered a few months prior to the accident. He claimed that the auto accident compounded his memory problem, and his frequent visits to the doctor caused him to miss too many classes to continue attending school. Naranjo's testimony was uncertain, though, as to whether or not he had dropped out of school prior to the accident. He claimed that he lost $200.00 per month in G.I. benefits from having to drop out of school. There was no evidence that Naranjo lost any salary or earnings because of his pain or doctor visits.

Appellant brings forward two points of error. The first point alleges the trial court abused its discretion in not granting the

motion for new trial based upon jury misconduct. The second point alleges the jury's answer to the damage issue was against the great weight and preponderance of the evidence.

In considering appellant's first point we will be guided by some of the rules which we set out in *Baucum v. Statewide Hot Shot*, 550 S.W.2d 156, 159 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.) as follows:

> "It is well settled law under rule 327, T.R.C.P., that the party asserting misconduct must prove misconduct; that it was material; and that it was calculated to and probably did result in harm. . . In applying this test, it is necessary for us to consider the entire record. . . . including evidence presented in the trial on the merits as well as that in the motion for new trial hearing. . . . Further, in determining if this burden has been met we are limited to considering only the overt acts of the jury and we must disregard testimony as to their mental processes. . . ."

No findings of fact or conclusions of law were filed concerning the hearing on motion for new trial, so we must presume that the trial judge found that no jury misconduct occurred, or found that it was not material, or found that it probably did not cause harm. *Tees v. Tees*, 546 S.W.2d 912, 915 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ), see *Fountain v. Ferguson*, 441 S.W.2d 506, 507 (Tex.Sup.1969). The implied finding of no overt misconduct is not binding on the reviewing court, though, when all of the uncontroverted evidence shows that misconduct occurred. *State v. Wair*, 163 Tex. 69, 351 S.W.2d 878 (1961); *Barrington v. Duncan*, 140 Tex. 510, 169 S.W.2d 462 (1943).

In the instant case, four jurors testified. Though their statements varied slightly, they generally agreed to the following. The other members of the jury requested that Mrs. Janet Corner, a juror who was a retired nurse, read to the jury Mr. Naranjo's medical records from the Naval Air Station. Mrs. Corner then read aloud each listed drug and explained the type and strength of each one she recognized. Two or three times she mentioned that a certain drug was no stronger than aspirin. She also stated that some of the drugs were stronger than aspirin, and that she did not know what several of the drugs and prescriptions listed were. She never gave her own opinion as to the seriousness of Naranjo's injuries as might be indicated from the prescriptions. Each of the testifying jurors stated whether or not Nurse Corner's comments affected his or her decision on damages, but we need not consider these statements as they constitute mental impressions. *Cortez v. Medical Protective Co. of Ft. Wayne*, 560 S.W.2d 132 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Baucum v. Statewide Hot Shot*, supra. See Pope, The Mental Operations of Jurors, 40 Texas L.Rev. 849, 860–62 (1962).

We find that there was evidence that overt misconduct occurred because evidence not introduced at trial was brought before the jury. *Akers v. Epperson*, 141 Tex. 189, 171 S.W.2d 483 (1943), 156 A.L.R. 1033 (1945), 41 Tex.Jur.2d New Trial § 42 (1963). Thus, the primary issue becomes whether the appellant met his burden of showing that this was material misconduct which probably caused harm. We find he did not.

After thoroughly reviewing the testimony at the hearing on motion for new trial we find no indication of the required connection between the explanation of the drugs and the amount of damages awarded. See *Trousdale v. Texas & New Orleans Railroad Co.*, 154 Tex. 231, 276 S.W.2d 242 (1955). For example, there is no testimony that the jurors discussed the comments made by Mrs. Corner; we have only mental impressions. See *Cortez*, supra. Nor is there testimony as to what, if any, actions or comments the jurors made relative to selecting a damage amount either before or after the nurse's reading. We cannot tell whether there was a change in the vote after the misconduct. The only evidence in this regard is that the jury considered amounts both greater than and less than $2,000.00. There is no testimony as to the

jury's actions or comments relative to Mrs. Corner's statements concerning drugs which were stronger than aspirin. There is no testimony as to which medications Mrs. Corner was referring when she stated that some were no stronger than aspirin. They could have been the medications prescribed in 1976 or in 1973. They could have been prescribed just for headaches and not for the neck or back pain. Moreover, there is no testimony as to how long the jurors spent considering Mrs. Corner's comments or whether her comments were made at a crucial point in deciding the damage issue. In sum, there is no indication of a connection between the misconduct and the damages. In addition, after reviewing the entire record, we find that the damages of $2,000.00 awarded to the appellant has ample support in the evidence for the injuries sustained. Especially is this so when we consider that damage issue (hereafter set out) precluded the jury from awarding any damages regarding appellant's car. See *Fountain v. Ferguson,* supra and *Roming v. McDonald,* 514 S.W.2d 129 (Tex.Civ.App.— El Paso 1974, writ ref'd n. r. e.).

Appellant contends, however, that there is sufficient evidence to prove the harmful effect of Mrs. Corner's comments. He points to the jurors' mistaken action in placing answers next to a list of elements to be considered when awarding damages in special issue number two which appeared as follows:

"ISSUE NO. 2

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Victor L. Naranjo for his injuries, if any, which you find from a preponderance of the evidence resulted in the occurrence in question?

Do not reduce the amount in your answer because of Victor Naranjo's negligence, if any. Consider the following elements of damage, if any, and none other.

a. Physical pain and mental anguish in the past. Yes

b. Physical pain and mental anguish which, in reasonable probability, he will suffer in the future. No

c. Loss of earnings in the past. No

d. Loss of earning capacity which, in reasonable probability, he will sustain in the future. No

e. Reasonable cost of medical treatment in the past. Yes

f. Reasonable cost of medical treatment which, in reasonable probability, he will sustain in the future. No

Answer in dollars and cents, if any.

ANSWER: $2000.00"

Appellant submits that the jury's unsolicited answer to element "b." dealing with future pain and suffering clearly shows that Mrs. Corner's comments caused the jury to underestimate Naranjo's future pain and suffering. He submits that the only evidence in the record dealing with future pain and suffering was Dr. Eugenio's statement that Naranjo would "continue having the same problems." Appellant concludes that, accordingly, the jury could not have answered element "b." in the negative without being influenced by Mrs. Corner's comments. We disagree.

■ Appellant's assertion overlooks the fact that Naranjo himself stated that he had discontinued his physical therapy and treatments, and that the pain had subsided. Furthermore, Dr. Eugenio indicated that Naranjo's discontinuing treatments indicated a possible lessening or lack of pain. Even if Dr. Eugenio's statement that Naranjo would "continue to have the same problems" was the only evidence in the record relative to future pain and suffering, the jury was at liberty to accept or reject any or all of his testimony. *Mancillas v. Texas Employers' Insurance Association,* 543 S.W.2d 751, 756 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). Consequently, we find that the jury's answer to element "b." was not necessarily incorrect and we find no connection between this answer and any jury misconduct. Appellant's first point is overruled.

■ Appellant's second point, that the jury's answer to the damage issue (special issue number two) was against the great

weight and preponderance of the evidence, was not properly preserved in appellant's motion for new trial. The only statement in the motion for new trial relevant to the point stated:

"Plaintiff would show that the great weight and preponderance of the evidence would in the interest of justice, warrant the Court's granting a new trial."

The jury answered eleven issues, and appellant did not direct the trial court to the error of which he complained. Appellant's statement was clearly too broad. Rule 322, T.R.C.P., *Murphy v. Maroney*, 456 S.W.2d 787 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.); *Kettle v. Smircich*, 415 S.W.2d 935 (Tex.Civ.App.—Corpus Christi 1967, no writ). Even considering appellant's contention upon its merits, we find the jury's answer to the damage issue was not against the great weight and preponderance of the evidence. Appellant's second point is overruled.

The judgment of the trial court is affirmed.