WESTERN TEXTILE PRODUCTS COMPANY OF TEXAS V.
JOSEPH SIDRAN, D B A SIDRAN SPORTSWEAR

No. A-4257. Decided November 18, 1953.
Rehearing overruled December 31, 1953.

22

*Johnson & Rembert, Callaway & Reed, O. D. Montgomery* and *William A. Rembert, Jr.*, all of Dallas for petitioner.

The error of the Court of Civil Appeals in reversing the case because the probably misconduct of the jury resulted in injury to the plaintiff. Schindler v. Standard Oil Co., 207 Mo. App. 190, 232 S.W. 735; American Exchange Bank v. Swope and Mangold, 101 S.W. 872; Maryland Casualty Co. v. Hearks, 144 Texas 317, 190 S.W. 2d 62.

*Corenbleth, Thuss & Jaffe* and *Harold B. Berman*, all of Dallas for respondent.

In reply to petitioner's contentions cited McGee v. McGee 237 S.W. 2d 778; Ford v. Carpenter, 147 Texas 447, 216 S.W. 2d 558; Wood v. Stokes, 219 S.W. 2d 545.

MR. JUSTICE CULVER delivered the opinion of the Court.

Respondent, Sidran, sued petitioner, Western Textile Products Company, for damages resulting from a broken pipe in a soft drink and water cooling apparatus belonging to petitioner which permitted water to flow down onto his merchandise located on the floor below.

Based on a jury verdict judgment was entered in favor of petitioner. On appeal, reversal and remand were ordered by reason of alleged jury misconduct which the Court of Civil Appeals thought reasonably appeared to have resulted in injury to the respondent. 258 S.W. 2d 830.

Petitioner's first point is:

"The Court of Civil Appeals erred in reversing judgment of the trial court and in remanding the cause for a new trial on the ground of jury misconduct inasmuch as petitioner (defendant below) was entitled, under the undisputed evidence, as shown by the record as a whole, to an instructed verdict; and, hence, jury misconduct, if any, did not probably result in injury to respondent (plaintiff in the trial court), and the Court of Civil Appeals under Rule 327, T.R.C.P. should have affirmed the judgment of the trial court."

In our opinion the point is well taken and must be sustained.

The facts are substantially without dispute. A water cooling and cold drink box, which had been installed in the building in 1947 by a soft drink company for a former tenant was purchased by petitioner when it occupied the premises in 1947 and had been in use since that time. After petitioner's plant was closed for the day, some time during the night a pipe which ran through the box carrying water to the drinking fountain broke, causing the damage complained of. Some two or three days prior thereto the electric current had ben turned off for the reason that the mechanism was not cooling the water and drinks properly. The soft drink company was at that time notified to make the necessary repairs but had not responded. The employees continued to use the fountain as drinking water was nowhere else available in the plant.

Respondent claimed that petitioner was guilty of negligence in failing to cut off the water after working hours, in failing to have the box inspected, in failing to have an overflow pipe installed to drain the water out of the box into the sewer, in failing to cut off the water when the electric current was turned off, and generally negligent in the maintenance of the box. Appropriate issues covering these allegations were submitted to the jury and resolved in favor of the petitioner.

It appears that the box was installed in the usual manner and that there had been sold and used in the Dallas area some

2,000 machines of a similar design. The box had never overflowed before nor was there any visible leak at the time the defendant's plant was closed on the afternoon before the break was discovered. There had been no indication of any defect in the pipe nor did the petitioner have knowledge of any facts calculated to put it upon notice that a break might occur. The petitioned offered the testimony of an expert, who had examined the box and pipe subsequently. He testified that the pipe broke as a result of crystalization of the metal which could occur from several causes, but that such condition was not apparent and could not have been discovered by visual inspection prior to the break. He further stated that whether or not the electric current was on or off had no effect on the flow of water in the pipe, or on the pipe itself, and, while there is some contraction and expansion of the metal caused by cold and heat, this is very slight and, in his opinion, could not account for the break.

The rule is stated in 65 C.J.S., Negligence, Sec. 87:

"* * * Failure to make certain tests is not negligence where it does not appear that such tests are common or prudent, and no liability may be imposed by reason of the failure to make an inspection where the inspection, if made, would not have disclosed the particular defect causing the injury, or where the owner has no reason to think an inspection is necessary. * * *"

To the same effect is the holding in Trinity & B. V. Ry. Co. v. McDonald, (Com. App.) 208 S.W. 912:

"* * * When a structure or appliance such as in general use has uniformly answered the purpose for which it was designed and used under every condition supposed to be possible in the business, it cannot in reason be said that a person has not acted with ordinary prudence and sagacity in not anticipating an accident which afterwards happens in the uuse of the thing notwithstanding it continued substantially in the same condition all the time."

There is no contention here that the petitioner had any knowledge of the danger of a break and no circumstances were shown which tended to prove that he ought to have foreseen and prevented the same. Texas Pipe Line Co. v. Vaught, 294 S.W. 865 (er. dism. W.O.J.).

Petitioner cites the following cases from other jurisdictions somewhat in point so far as the facts are concerned, which seem

to support our conclusion: A. J. Brown & Son v. City of Grand Rapids, 265 Mich. 465, 251 N.W. 561; City of Richmond v. Hood Rubber Products Co., 168 Va. 11, 190 S.E. 95; Philadelphia Ritz Carlton Co. v. City of Philadelphia, 282 Pa. 301, 127 Atl. 843; Squire Vandervoort & Co. v. Ryerson, 150 Ill. App. 255.

The respondent having failed to prove any facts which would warrant a finding of negligence on the part of the petitioner, therefore, whatever jury misconduct may have occurred, it could not have injuriously affected him.

The judgment of the Court of Civil Appeals is accordingly reversed and that of the trial court affirmed.

Opinion delivered November 18, 1953.

Rehearing denied December 31, 1953.