Jeff D. GABLE, Appellant,

v.

Ralph SPAIN, Appellee.

No. 7852.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 14, 1967.

Rehearing Denied Dec. 12, 1967.

Jack N. Price, Longview, for appellant.

Larry Starr, Neal Hawthorn, Kenley, Boyland & Hawthorn, Longview, for appellee.

DAVIS, Justice.

A suit for personal injuries alleged by plaintiff-appellant, Jeff D. Gable, against defendant-appellee, Ralph Spain, as the result of an accident which occurred while appellant was in the process of mowing a lawn for appellee with a lawn mower that was furnished to appellant by the appellee. Trial was to a jury. The jury found that appellee was guilty of negligence and fixed the amount of damages at $6,336.00. Medical expenses were stipulated at $87.50. The jury found the appellant guilty of contributory negligence. The trial court entered a take-nothing judgment. Appellant has perfected his appeal and brings forward seven points of error.

By his points one, two and three, appellant says the trial court erred in rendering judgment upon the verdict because there is no evidence; the evidence is insufficient; and, is against the overwhelming weight and degree of the credible testimony as to be manifestly unjust and unfair to the jury's answers to special issues 5, 5A and 5B, and will not support the same.

Special issues 5, 5A and 5B, and the jury's answers thereto read as follows:

### "SPECIAL ISSUE NO. 5:

"Do you find from a preponderance of the evidence that before getting down on the ground in front of the lawnmower the Plaintiff, Jeff D. Gable, failed to check the gear lever on the mower to make sure that it was in the proper position to put the mower completely out of gear?

If you have answered Special Issue No. 5 'Yes', and only in that event, then answer Special Issue No. 5–A.

### "SPECIAL ISSUE NO. 5–A:

"Do you find from a preponderance of the evidence that such failure, if you have so found, was negligence as that term is defined herein?

Answer 'Yes' or 'No'.

ANSWER yes.

If you have answered Special Issue No. 5–A 'Yes', and only in that event, then answer Special Issue No. 5–B.

### "SPECIAL ISSUE NO. 5–B:

"Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the injury to the Plaintiff?

Answer 'Yes' or 'No'

ANSWER: Yes"

The evidence shows that appellant had been given instructions on how to use the mower. It was a mower that you could shift in and out of gear. He had already used the mower about 20 minutes before stopping the mower to move some rock off the lawn to protect the mower. He had shifted it out of gear and by force mowed in some close places. When he stopped the mower to move the rock, he did not notice whether or not he had the mower completely out of gear. When he got down in front of the mower, he noticed that it was in gear and coming straight at him. He testified that when the lever was down he took it for granted that it was out of gear. The evidence shows that it would have been very easy to stop the motor on the mower, and it was easy to crank. He further testified that he only glanced his vision at the lever and did not put his hands on it.

■ This constitutes some evidence, the evidence is sufficient to support the jury's answers and is not against the overwhelming weight and degree of credible testimony to make it manifestly unjust and unfair.

■ Appellee testified that the lawn mower was in good shape and he did not know of any defects in it. The jury found that he didn't know, nor in the exercise of ordinary care could have discovered the condition, if any, of the lawn mower, whereby the lever could become engaged when the motor was running and the mower standing still. There is no evidence establishing any defects, and no jury finding that any defects existed. Western Textile Products Co. v. Sidran, Tex. (1953), 153 Tex. 21, 262 S.W.2d 942, and authorities cited therein. The points are overruled.

■ By point seven, appellant says the trial court erred in granting judgment for appellee because of jury misconduct. There was only a fact issue raised in the hearing on the motion for new trial. The fact issue was decided against appellant. We are bound thereby. Rule 327 Texas Rules of Civil Procedure, and the authorities cited thereunder. The point is overruled.

We have carefully examined appellant's points 4, 5, and 6, and find each of them to be without any merit and they are overruled.

The judgment of the trial court is affirmed.