**In re ESTATE of Springer E. MOORE, Deceased.**

**No. 4437.**

Court of Civil Appeals of Texas, Eastland.

Feb. 12, 1971.

Rehearing Denied March 12, 1971.

Ben D. Sudderth, Cōmanche, McKenzie & Baer, William A. McKenzie, Dallas, for appellant.

Bradbury, Tippen & Cross, Jim M. Cross, Abilene, Griffin, Griffin & Old, Levie Old, Brownwood, for appellee.

McCLOUD, Chief Justice.

This is an appeal from a judgment denying probate of an instrument dated September 20, 1958, alleged by appellant, Thomas Witt Moore, to be the last will and testament of Springer E. Moore, deceased. Appellees, the surviving widow and two children contested the application. Two issues were submitted and the jury found that neither the deceased Springer E. Moore, nor the alleged attesting witness, J. A. Moore, signed the instrument filed for probate.

The appellant moved for a new trial on the basis, among other things, of jury misconduct. After a hearing on this motion, at which two of the jurors testified, the motion was overruled.

Appellant contends that: (1) the verdict of the jury was not unanimous; (2) the jury considered matters not in evidence and immaterial to the issues in the case; and (3) the finding of the jury on the two issues submitted was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

At the hearing on the motion for new trial, juror Blackshear was called by appellant and juror Wilkerson was called by appellees. Juror Blackshear testified substantially as follows: that someone, he didn't know who, made a statement in the presence of other jurors that Tommy Moore was not entirely honest, and he once went to work for his father-in-law and then in a short time his father-in-law was working for him; a statement was made that "it didn't make much difference what we decided anyhow, because it was gonna

be appealed"; that he didn't recall whether there was one specific individual, or more than one, that made any remark regarding an appeal; that there was some discussion regarding the division of the property among the wife and children and "some started trying to explain it, one said that she would get half and another one said they thought she got a child's share and that was about the extent of it"; that at one point it looked like there might be a hung jury and the foreman of the jury stated that the judge said he didn't want a hung jury; that expense to the taxpayers was mentioned as one of the reasons the judge didn't want a hung jury.

On cross-examination juror Blackshear stated that he did raise his hand and vote "no" on both special issues along with the other eleven jurors and that he recalled the judge asking the jury if that was their verdict and he answered that it was. Juror Blackshear further testified that he remembered someone saying "it doesn't make any difference who gets the property, we have to decide these two issues on the evidence." In fact Blackshear stated "I'm not too sure but what I wasn't the one that said it."

Juror Bill Wilkerson testified substantially as follows: that he was foreman of the jury; that there were several ballots taken; that the final vote was taken by the uplifted hand and it was unanimous; they voted on each of the issues; that on the final vote juror Blackshear raised his hand and voted "no" along with the rest of the jury; that he did not remember any discussion regarding a hung jury; it was stated the case might be appealed but it was also said that was not the problem of the jury; a discussion regarding the division of the property was brought up and at that time he said "that's not our problem, we're here to settle this and whatever happens is not our business"; he did not remember hearing anyone discuss Tommy Moore to him nor did he remember hearing anyone else discuss it, or anything too much about him.

■ Where no express findings are filed, it is presumed on appeal that the trial court found all controverted facts in support of its judgment overruling the motion and that no misconduct occurred. Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493 (1956); Brawley v. Bowen, 387 S.W.2d 383 (Tex.Sup.Ct.1965). If the evidence offered at the hearing on the motion for new trial is conflicting as to whether or not misconduct occurred, the decision of the trial court on the question is binding on appeal. Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62 (Tex.Sup.Ct. 1945).

■ The testimony of jurors, Blackshear and Wilkerson, is conflicting on all of the grounds of jury misconduct alleged in the motion for new trial. Therefore, the trial judge's implied finding that jury misconduct did not occur is binding on this Court.

■■ Furthermore, the one complaining about jury misconduct has the burden to prove not only the overt act of misconduct, but also that it was material misconduct, and from the record as a whole that injury probably resulted. Rule 327, Texas Rules of Civil Procedure; Fountain v. Ferguson, 441 S.W.2d 506, (Tex.Sup.Ct. 1969) certiorari denied 396 U.S. 959, 90 S. Ct. 433, 24 L.Ed.2d 424. Even if it could be said that appellees failed to properly controvert one or more of the occurrences alleged to be misconduct, we nevertheless hold that appellant has not sustained his additional burden of proving probable injury.

Appellant further complains that the finding of the jury on the two issues submitted was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. We have considered the entire record and find that such answers are not against the overwhelming weight and pre-

ponderance of the evidence as to be clearly wrong and manifestly unjust.

We have considered all of appellant's points of error and all are overruled. The judgment is affirmed.