**Darwin D. BAUCUM, Appellant,**

v.

**STATEWIDE HOT SHOT and Roy Jenkins, Appellees.**

**No. 1121.**

Court of Civil Appeals of Texas, Corpus Christi.

April 20, 1977.

Rehearing Denied May 12, 1977.

L. H. Warburton, Jr., Perkins, Davis, Oden & Warburton, Homer E. Dean, Alice, for appellant.

Harry F. Maddin, Maddin, White & Brin, Inc., Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal by the plaintiff from an unfavorable trial court's judgment resulting from a jury trial wherein he sought damages for personal injuries arising from an industrial accident.

In the trial of this suit by Darwin D. Baucum against Statewide Hot Shot and its employee, Roy Jenkins, the jury refused to find upon a general submission of negligence that the defendants were negligent. In the charge was an instruction, among others, on unavoidable accident. Based upon the unanimous verdict of the jury, the trial court rendered judgment that plaintiff take nothing. After a later evidentiary hearing, the trial judge overruled the plaintiff's amended motion for new trial which alleged jury misconduct. Plaintiff appeals.

On June 26, 1972, appellant was employed as a roustabout by Brown & Root, Inc., at its plant yard near Ingleside, Texas. At approximately 11:55 A.M. on that date, appellant was standing near a large crane, owned by Brown & Root, which was loading drill collars (pipe) from a barge onto a tractor-trailer owned by Hot Shot. Jenkins, a Hot Shot employee, was the driver of the truck. After loading, Jenkins began to drive the tractor-trailer rig forward when a large wooden beam lying near the rig was caused by the rig to be flipped up and to strike appellant causing the personal injuries for which he sought damages.

■ Appellant has presented us 11 points of error. Among appellant's points of error are several legal insufficiency points ("no evidence" and "as a matter of law"). With each such point, we shall view the evidence in a light most favorable in support of the jury findings and consider only the evidence and inferences which support the findings and reject the evidence and inferences contrary to the findings. *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.Sup. 1974). In considering the appellant's factual insufficiency points of error ("insufficient evidence" and "against the great weight and preponderance of the evidence"), we shall examine the whole record to determine whether the evidence supports the jury findings. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Appellant, in his points 1, 2, 3 and 4, asserts that as a matter of law, he has proven negligence or, in the alternative, that the jury's failure to answer the negligence issue in the affirmative is against the great weight and preponderance of the evidence and for such reasons we should reverse and remand the case for retrial. Appellant urges several theories for these assertions: that Jenkins was negligent for pulling forward from the loading zone rather than backing away; that Jenkins did not maintain a proper lookout; and that Jenkins pulled to the right as he moved forward. We find evidence in the record in support of and in opposition to each of those theories of negligence which we set out as follows.

About failure to back out, appellant presented testimony to the effect that generally trucks loading at this dock backed out. The contrary evidence, by Jenkins, is that he pulled forward because Statewide's other truck blocked his way to the rear. Statewide had sent two trucks to Brown & Root for loading on the day of the accident and the other truck was parked to the rear of Jenkins' truck at the time of the accident.

About improper lookout, there is evidence that Jenkins did not look around the truck prior to pulling away. Jenkins testified that the operator of the crane guided him into the loading area. He further testified that he received no assistance in pulling away from the dock. Also he said that the drift pin (attached to the beam) was moved by someone after he had parked for loading so that it extended out from the end of the beam; that one of his wheels hit the pin

causing the trailer to move. This evidence indicates that had the pin been extended when he parked he would have seen it.

About moving to the right, the appellant and Robert Davis, regional manager for Brown & Root, testified that Jenkins pulled his vehicle to the right as he moved away from the loading area. Jenkins testified, however, that he pulled straight forward from the loading area. All of the above demonstrates that the appellant has failed in his burden to establish the legal or factual insufficiency of the evidence that Jenkins was negligent. Appellant's points 1, 2, 3 and 4 are overruled.

■ In his points 5 and 6 the appellant contends that the court erred in refusing to grant a new trial because the jury's findings of no damages to special issues 5–a and 5–b concerning pain and suffering were not supported by the evidence. In order for this position to be tenable, the issues which he complains of must be supported by the evidence and must be material. *C & R Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.Sup.1966); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.Sup.1965). Although we do agree with appellant that the jury answers are not supported by the evidence, we cannot agree that they are material. The jury has absolved the defendant company of any negligence by its negative answer to the general submission of negligence. It seems clear that this issue answered the ultimate and only issue on liability of the appellees in the case. The subsequent issues on damages therefore became immaterial. *Southern Pine Lumber Co. v. Andrade,* 132 Tex. 372, 124 S.W.2d 334 (1939, opinion adopted); *Miller v. Hood,* 536 S.W.2d 278 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n. r. e.); *Martin v. Jenkins,* 381 S.W.2d 115 (Tex. Civ.App.—Amarillo 1964, writ ref'd n. r. e.); *Dunn v. Sears Roebuck and Co.,* 371 S.W.2d 731 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.). Appellant's points 5 and 6 are overruled.

Finally, in his points 7, 8, 9, 10 and 11, the appellant asserts that the jury was guilty of misconduct because members of the jury discussed evidence not presented in the trial

of the case and a statement was made during jury deliberations that the answers to special issues 1 and 2 did not matter because Baucum would receive his award of damages regardless of what the answers to 1 and 2 might be.

■■ It is well settled law under rule 327, T.R.C.P., that the party asserting misconduct must prove misconduct; that it was material; and that it was calculated to and probably did result in harm. *Fountain v. Ferguson,* 441 S.W.2d 506 (Tex.Sup.1969); *Crawford v. Detering Co.,* 150 Tex. 140, 237 S.W.2d 615 (1951). In applying this test, it is necessary for us to consider the entire record. The entire record has been interpreted to include all parts of the record which may throw light on the issue including evidence presented in the trial on the merits as well as that in the motion for new trial hearing. *Fountain v. Ferguson,* supra; *Western Textile Products Co. of Texas v. Sidran,* 153 Tex. 21, 262 S.W.2d 942 (1953); *Motley v. Mielsch,* 145 Tex. 557, 200 S.W.2d 622 (1947). Further, in determining if this burden has been met we are limited to considering only the overt acts of the jury and we must disregard testimony as to their mental processes. *Trousdale v. Texas & New Orleans Railroad Co.,* 154 Tex. 231, 276 S.W.2d 242 (1955).

■ Our full review of the record reveals to us that there is a conflict in the testimony as to whether there was in fact a statement made that it did not matter how the jury answered issues 1 and 2. Where the evidence is conflicting as to the occurrence of misconduct, the decision of the trial court either way on the question is final. *Trousdale v. Texas & New Orleans Railroad Co.,* supra; *Barrington v. Duncan,* 140 Tex. 510, 169 S.W.2d 462 (1943); *Roming v. McDonald,* 514 S.W.2d 129 (Tex.Civ. App.—El Paso 1974, writ ref'd n. r. e.); *Vahlsing Christina Corporation v. Ryman Well Service, Inc.,* 512 S.W.2d 803 (Tex.Civ. App.—Corpus Christi 1974, no writ). Moreover, where the trial court, as here, made no specific findings of fact as to whether the alleged misconduct occurred, it is presumed that the trial court found that the

misconduct did not occur, if there is evidence to support such a finding. *Barrington v. Duncan*, supra; *Monkey Grip Rubber Co. v. Walton*, 122 Tex. 185, 53 S.W.2d 770 (1932, opinion adopted). Therefore the trial judge's implied finding that jury misconduct did not specifically occur in this instance is binding. *In re Estate of Moore*, 464 S.W.2d 428 (Tex.Civ.App.—Eastland 1971, writ ref'd n. r. e.); *Vahlsing Christina Corporation v. Ryman Well Service, Inc.*, supra.

Next, appellant complains of the jury's discussion of their personal experiences during the deliberations. It is clear that whether jury misconduct occurred is a question of fact for the trial judge to determine. *Trousdale v. Texas & New Orleans Railroad Co.*, supra; *Motley v. Mielsch*, supra. Also the trial court's refusal of a new trial on express or implied findings of no occurrence of jury misconduct is ordinarily binding on the reviewing court and will be reversed only where clear abuse of discretion is shown. *State v. Wair*, 163 Tex. 69, 351 S.W.2d 878 (1961). In the present case, the trial court expressly found that while the jurors during their deliberation imparted to one another some of their general experiences, no juror held himself out to be an expert in the field of inquiry. In *Akers v. Epperson*, 141 Tex. 189, 171 S.W.2d 483 (1943), the Supreme Court held that while a juror had related personal experience to his fellow jurors he did not hold himself out as an expert and therefore did not become an expert witness in the jury room. In the present record, we find no statement by any of the jurors involved in the purported misconduct which would lead to the conclusion that any of them acted as experts in the jury room. Consequently, we hold that the trial judge did not abuse his discretion by overruling appellant's amended motion for new trial based on jury misconduct. Appellant's points 7, 8, 9, 10 and 11 are overruled.

The judgment of the trial court is AFFIRMED.

BISSETT, J., not sitting.