Sylvia **FLORES** et al., Appellants,

v.

Edward P. **DOSHER**, M.D., Appellee.

No. 1601.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 26, 1980.

Rehearing Denied Dec. 18, 1980.

Jack Pasqual, Pat Maloney, P. C., San Antonio, for appellants.

Paul M. Green, Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellee.

OPINION

YOUNG, Justice.

This appeal arises from jury misconduct. The act of misconduct involved a purported statement by one or more jurors that the plaintiffs would recover damages regardless of what answer was made to a proximate cause issue. The trial court, in overruling the plaintiffs' motion for new trial, found that an act of misconduct did occur, but that such act was not material and that it did not result in probable injury to the plaintiffs. The plaintiffs appeal. We affirm.

The original cause of action was filed against Dr. Edward P. Dosher by Sylvia Flores, individually and as next friend of her minor children, Joe Raul Flores, Jr., and Joshua Flores, and by Guadalupe and Gertrude Flores, surviving parents of Joe R. Flores, deceased. The plaintiffs alleged that the defendant was guilty of malpractice in the care and treatment of Joe R. Flores, who died from complications arising from an appendectomy. After an extensive trial, seventeen special issues were submitted to a jury for determination. The jury found that the defendant was negligent in failing to personally examine the decedent after complications had developed, but failed to find that such negligence was a proximate cause of Flores' death. The jury also found that the failure of the decedent to request that the defendant examine him was negligence, but failed to find that such negligence was a proximate cause of the death. The decedent was also found to be negligent in failing to go to another doctor or hospital after complications developed, but again this negligence was not found to be a proximate cause of his death.

On the question of damages, the jury found that $500,000.00 would compensate appellant wife for the pecuniary loss resulting from the death of her husband. Each child of the decedent was awarded $60,-000.00, and the parents of the decedent were awarded $10,000.00. Finally, the jury found that the decedent was not entitled to

receive any damages for conscious physical pain and mental anguish proximately caused as a result of the negligence of appellee.

Based on these jury findings, the trial court entered a take nothing judgment except for a cash award of $15,000.00 authorized by a compromise settlement agreement. Appellants in their motion for new trial raised only the issue of jury misconduct. The alleged act of misconduct involved a statement allegedly made by one or more jurors that the jury's answer to the issue of whether the negligence of appellee in failing to personally examine the decedent was a proximate cause of death would have no effect upon the awarding of damages by the trial court.

In reviewing an alleged act of misconduct, the appellate court must examine the entire record, including evidence heard at the main trial as well as at the hearing on a motion for new trial. *Lewis v. Yaggi*, 584 S.W.2d 487 (Tex.Civ.App.–Tyler 1979, writ ref'd n.r.e.). Certain guidelines control such a review. Three elements must be asserted and proved by the movant to be entitled to a new trial: 1) that an act of misconduct occurred; 2) that it was material; and 3) that it was calculated and probably did result in harm. Rule 327, T.R.C.P.; *Naranjo v. Cull*, 569 S.W.2d 529 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n.r.e.); *Baucum v. Statewide Hot Shot*, 550 S.W.2d 156, 159 (Tex.Civ.App.–Corpus Christi 1977, writ ref'd n.r.e.).

The first of these elements, that of the occurrence of an act of misconduct, is generally a question of fact to be determined by the trial judge. Pope, Jury Misconduct and Harm, 12 Baylor L.Rev. 355 (1960). In this case, the trial judge found that a statement was made concerning the immateriality of the issue relating to proximate cause and that such statement did constitute misconduct. Such a finding has support in the record of the hearing on the motion for new trial.

The second and third elements, being materiality and probable injury, involve questions of law. *Lewis v. Yaggi*, supra, at 494. The trial judge concluded that the misconduct by the jury was not material and that it did not cause probable harm. Such a finding by the trial judge should be given great weight, but it is reviewable by this Court. After reviewing the entire record of this case, we are in agreement with the trial judge that such misconduct was not material and that it did not result in probable injury.

In examining an act of misconduct, "... we are limited to considering only the overt acts of the jury and we must disregard testimony as to their mental processes." *Baucum v. Statewide Hot Shot*, supra, at 159. "Jury misconduct is proved by evidence of overt acts." Pope, The Mental Operations of Jurors, 40 Texas L.Rev. 849, 865 (1962). Opinions, thought processes, admissions that misconduct influenced a juror, mental impressions, all are not to be considered by the reviewing court when determining, as a matter of law, whether the jury misconduct was material and probably resulted in harm.

In the instant case, six jurors testified about the deliberations of the jury. Their testimony is conflicting, contradictory, and replete with statements embodying thought processes of the individual jurors. It is difficult to discern exactly what overt acts of misconduct, and the effects thereof, took place during their deliberations.

The trial court, recognizing the proof problems raised in the testimony, found that a statement was made that constituted misconduct. The trial court was unable, however, to determine when the statement was made or how many jurors overheard it, and, thus, overruled the motion for new trial.

Furthermore, the burden of proof is upon the appellant to establish that probable injury resulted to him which caused or probably caused the rendition of an improper judgment. *Allan v. Materials Transportation Company*, 372 S.W.2d 744 (Tex.Civ.App.–Corpus Christi 1963, no writ); *Trousdale v. Texas & New Orleans Railroad*, 154

Tex. 231, 276 S.W.2d 242 (1955). Pope, The Mental Operations of Jurors, supra. Rule 327, T.R.C.P. Appellant in the examination of the jurors, failed to show any probable harm that resulted to him. We accordingly hold that the jury misconduct of which appellant complains was harmless and could not and did not affect the results of the jury's findings. Appellants' points one through eight are overruled.

We have considered appellants' ninth point of error relating to a proposed global special issue inquiring into the negligence of the appellee and find that it is only a combination of the issues submitted to the trial court. As such, the controlling issues relating to the alleged negligence of the appellee were properly submitted to the jury. Rule 279, T.R.C.P. Point of error 9 is overruled.

Because we have held that the trial court properly overruled the motion for new trial, we need not consider appellee's cross—points.

The judgment of the trial court is affirmed.