Sylvia FLORES et al., Petitioners,

v.

Edward P. DOSHER, M. D., Respondent.

No. C–73.

Supreme Court of Texas.

Sept. 28, 1981.

Rehearing Denied Nov. 12, 1981.

Pat Maloney, Jack Pasqual, San Antonio, for petitioners.

Land, Cross, Ladon, Boldrick & Green, Paul M. Green, San Antonio, for respondent.

RAY, Justice.

This appeal concerns jury misconduct in a medical malpractice case. Following an adverse jury verdict on the issue of proximate cause, plaintiffs moved for a new trial on the ground of jury misconduct. The trial court overruled plaintiffs' motion and, on appeal, the court of civil appeals affirmed, 608 S.W.2d 831. We reverse the judgment of the court of civil appeals and remand the cause to the trial court for a new trial.

Joe R. Flores died of complications arising from an appendectomy performed by Dr. Edward P. Dosher, M.D. Sylvia Flores, wife of the decedent, individually and as next friend of the couple's two children, and Guadalupe and Gertrude Flores, parents of the decedent, sued Dr. Dosher, alleging negligence in the care and treatment of Joe R. Flores, which negligence proximately caused Flores' death.

The jury found the following: (1) Dr. Dosher was negligent in failing to personally examine Flores after complications developed; (2) Flores was negligent in failing to request that Dr. Dosher examine him; and (3) Flores was negligent in failing to go to another physician or hospital after complications developed. The jury found however, that none of these negligent omissions was a proximate cause of Flores' death. On the issue of damages, the jury found that Flores' wife had suffered pecuniary loss in the amount of $500,000, the children each suffered pecuniary loss in the amount of $60,000 and the parents suffered pecuniary loss in the amount of $10,000. The jury also found that Flores was not entitled to damages for pain and suffering. Because of the findings related to proximate cause, the trial court could award plaintiffs only $15,000, the amount authorized by a settlement agreement.[1]

Plaintiffs moved for a new trial on the ground of jury misconduct. The alleged misconduct was a statement by one or more jurors that it did not matter how the jury answered Special Issue No. 4, concerning whether Dr. Dosher's negligence was a proximate cause of Flores' death, because plaintiffs would recover in any event. The proximate cause issue was ultimately answered "we do not" in an eleven to one vote. After a hearing at which six of the twelve jurors testified, the trial court overruled plaintiffs' motion for new trial.

In its order, the court set forth the following fact findings: (1) during the jury deliberations a statement was made to the general effect that it was immaterial how Special Issue No. 4 was answered because plaintiffs would recover in any event; (2) such statement constituted misconduct; (3) it was not clear when such statement was made or how many jurors overheard it; (4) the misconduct was immaterial; and (5) the misconduct did not cause probable harm to plaintiffs.

Tex.R.Civ.P. 327 governs the granting of new trials for jury misconduct. It provides in pertinent part: "Where the ground of the motion is misconduct of the jury ..., the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved ... material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

■ Thus, to show themselves entitled to a new trial, plaintiffs must establish (1) that misconduct occurred; (2) that it was material misconduct and (3) that based on the record as a whole, the misconduct probably resulted in harm to them. *Strange v. Treasure City*, 608 S.W.2d 604 (Tex.1980); *Fountain v. Ferguson*, 441 S.W.2d 506, 507 (Tex.1969), cert. denied, 396 U.S. 959, 90 S.Ct. 433, 24 L.Ed.2d 424 (1969).

■ "Whether the alleged misconduct has occurred is a question of fact, and if there is conflicting evidence on this issue, the finding of the trial court is binding on

1. While the jury was deliberating, the parties, for the sum of $15,000, settled defendant's potential liability in excess of $200,000. It was agreed that this settlement would be effective regardless of the jury verdict.

appellate review." *Strange v. Treasure City*, 608 S.W.2d at 606. In the instant case the evidence was conflicting as to whether the alleged statement was ever made. Of the six jurors who testified at the hearing on the plaintiffs' motion for new trial, four stated they had heard the statement and two stated they had not. Because of the conflict in testimony, this Court is bound by the trial court's finding that the misconduct did occur.

■ The record is replete with testimony of jurors' mental processes and the court of civil appeals correctly disregarded this evidence in evaluating the misconduct. *Strange v. Treasure City, supra; Brawley v. Bowen*, 387 S.W.2d 383 (Tex.1965). Also, as the court of civil appeals noted, none of the jurors could identify who made the statement. Nevertheless, the testimony concerning the jury's overt acts convinces us that both the trial court and the court of civil appeals were incorrect in holding that the misconduct was immaterial and did not result in probable harm.

■ The misconduct was an erroneous statement of the law concerning a vital element of plaintiffs' cause of action and was expressed as a fact rather than as a mere opinion of the speaker. Although somewhat conflicting, the evidence indicates that the statement was made several times by more than one person. On cross-examination, Juror King testified, "I think it is possible we may have all said it at one time." There was prolonged discussion of Special Issue Number Four, which the jury had to leave and later return to because they could not reach a consensus. Four jurors testified that several ballots were taken on this issue and that after the statement was made, votes changed from "we do" to "we do not." Jurors Green and Liese testified that they personally changed their votes to "we do not" after hearing the statement. There is no indication the misconduct was cured by a rebuke of the statement. In light of this evidence and on the basis of the record as a whole, we must hold as a matter of law that the misconduct was material and probably resulted in harm to the plaintiffs. *See generally* : Pope, *Jury Misconduct and Harm*, 12 Baylor L.Rev. 355 (1960); Boyd, *The Current State of Jury Misconduct Claims in Texas Civil Cases*, 21 S.Tex.L.J. 23 (1980); Keltner, *Jury Misconduct in Texas: Trying the Trier of Fact*, 34 Sw.L.J. 1131 (1981).

Because of our holding on the jury misconduct question, it is unnecessary for us to consider plaintiffs' point related to the trial court's failure to submit to the jury their proposed Special Issue Number One concerning negligent diagnosis and/or medical care and treatment of Flores.

■ We have also considered defendant's cross-points concerning the trial court's failure to instruct a verdict in his favor. He contends that this was the proper disposition of the case because plaintiffs failed to produce any legally competent medical evidence that his negligence was the proximate cause of Flores' death. We find these cross-points without merit because plaintiffs' medical expert, Dr. Shapiro, was competent to testify and his testimony did raise a question of fact which the jury should have decided.

The judgment of the court of civil appeals is reversed and the cause is remanded to the trial court for a new trial.

GREENHILL, C. J., dissents.

GREENHILL, Chief Justice, dissenting.

I respectfully dissent for reasons given in the opinion of the Court of Civil Appeals. 608 S.W.2d 831.