CENTRAL NATIONAL GULFBANK, Appellant,

v.

COMDATA NETWORK, INC., Appellee.

No. 13–88–326–CV.

Court of Appeals of Texas, Corpus Christi.

May 31, 1989.

Norman J. Thomas, Harris, Browning, Jordan & Hyden, Corpus Christi, for appellant.

Robert W. Johnson and Colin K. Lineberry, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

This case involves the payment of a forged draft by appellant, Central National Gulfbank. On presentment, appellee, Comdata Network, Inc., dishonored the draft, and appellant brought suit. The jury answered all questions in appellee's favor. Judgment was entered in favor of appellee.

Appellant asserts that the trial court erred in denying both appellant's motion for continuance and appellant's motion for new trial. We affirm the judgment of the trial court.

Appellee is a corporation involved in fund transfers through the issuance of drafts called "comchecks". These drafts are not valid until an authorization number is obtained from appellee. It is undisputed that a man fraudulently passed a comcheck at appellant's bank. At the time in question, appellant's employee, Lisa Beasley, cashed the forged comcheck.

On the day of trial, appellant moved for a continuance based on the absence of its witness, Lisa Beasley. Its motion was denied; however, the trial court allowed the parties to conduct voir dire and select a jury with the understanding that the presentation of plaintiff's case would be postponed until the following day. During the trial, appellant failed to produce the testimony, either live or by deposition, of Lisa Beasley.

During the closing arguments, without objection, both parties commented upon the absence of Beasley's testimony.

The granting or denial of a motion for continuance lies within the sound discretion of the trial court, and any denial will not be disturbed absent a clear abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *State v. Crank*, 666 S.W.2d 91, 94 (Tex.1984), *cert. denied*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984); *First State Bank v. Chappell & Handy, P.C.*, 729 S.W.2d 917, 922 (Tex.App.—Corpus Christi 1987, writ ref'd). An appellate court may reverse for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex.1987); *Landry v. Travelers Insurance Co.*, 458 S.W.2d 649, 651 (Tex.1970). Further, there is a presumption that the trial court properly exercised its discretion, and the party complaining of abuse of discretion has the burden to bring forth a record showing such abuse. *Southwestern Bell Telephone Co. v. Griffith*, 575 S.W.2d 92, 97 (Tex.App.—Corpus Christi 1978, writ ref'd n.r.e.); *See Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968); TEX.R.APP.P. 50(d).

After commencement of the action, a party may take the testimony of any person by oral or written deposition. This offers parties protection against being forced to trial by arbitrary and unreasonable action of the trial court. If a party chooses to forego this option, he does so at his own risk. *State v. Wood Oil Distributing, Inc.*, 751 S.W.2d 863, 865 (Tex.1988); *Fritch v. J.M. English Truckline, Inc.*, 151 Tex. 168, 246 S.W.2d 856, 858 (1952); *Cole v. Waite*, 151 Tex. 175, 246 S.W.2d 849, 852 (1952); *Elizondo v. Tavarez*, 596 S.W.2d 667, 670 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

It is not an abuse of the trial court's discretion to deny a first motion for continuance based upon the absence of a material witness when there is no showing of proper diligence to procure the testimony of the witness by deposition. *Elizondo*, 596

S.W.2d at 670. Failure of a litigant to utilize diligently the rules of civil procedure for discovery purposes will not authorize the granting of a continuance. *Fritch,* 246 S.W.2d at 859.

The record before us indicates that this case was on the docket, set for trial, for almost two years. In addition, the record indicates that appellant knew of Lisa Beasley's whereabouts during this time and was in contact with her prior to trial; however, appellant made no effort to depose her. During the hearing on the motion for continuance, appellant indicated that Lisa Beasley had agreed to testify but was precluded from attending the trial because her new boss would not let her off from work.

We have held in the past that a party is not entitled to rely upon a witness' representation that they will be available to testify. *Elizondo,* 596 S.W.2d at 670. The trial court's denial of appellant's motion for continuance was neither arbitrary nor unreasonable and did not constitute an abuse of discretion.

By his second point of error, appellant asserts that the trial court erred in denying appellant's motion for new trial based upon appellee's comments, during closing argument, regarding Lisa Beasley's absence and suggestions that her testimony would have been unfavorable to appellant.

■ The standard for reversal for improper jury argument was set out by the Texas Supreme Court in *Standard Fire Insurance Co. v. Reese,* 584 S.W.2d 835 (Tex.1979). The party complaining of improper jury argument has the burden to prove, among other things, (1) that error was made, (2) that it was not invited, and (3) that it was either (a) preserved by objection or (b) not curable by instruction, prompt withdrawal, or reprimand. *Id.* at 839.

Assuming for the moment that appellee's argument was error, it is impossible to determine without a complete record, whether or not the alleged improper jury argument was invited. *Fountain v. Ferguson,* 441 S.W.2d 506 (Tex.1969), *cert. denied,* 396 U.S. 959, 90 S.Ct. 433, 24 L.Ed.2d 424 (1969); *International Armament*

*Corp. v. King,* 674 S.W.2d 413, 419 (Tex. App.—Corpus Christi 1984), *aff'd on other grounds,* 686 S.W.2d 595 (Tex.1985); *Baucum v. Statewide Hot Shot,* 550 S.W.2d 156 (Tex.Civ.App.—Corpus Christi, 1977, writ ref'd n.r.e.). Appellant did not present this Court with a complete record; there is no transcription of the jury voir dire and the opening statements of counsel. As a result, it is not possible for us to make any determination as to whether the argument was invited.

In addition, the record indicates that appellant failed to object during trial. Indeed, appellant had an opportunity to reply to appellee's argument and did so. This type of jury argument, when held to be improper, is curable and is waived by the failure to timely object. *Grogan v. Santos,* 617 S.W.2d 312, 316 (Tex.Civ.App.—Tyler 1981, no writ); *See Hartford Accident & Indemnity Co. v. Thurmond,* 527 S.W.2d 180, 192–193 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

■ However, we need not base our decision on the aforementioned grounds. It is not improper for counsel to comment in argument on the failure of the opposing party to call a legally available witness. *Tex–Jersey Oil Corporation v. Beck,* 157 Tex. 541, 305 S.W.2d 162, 167 (1957), *overruled on other grounds, Sanchez v. Schindler,* 651 S.W.2d 249, 251 (Tex.1983). A witness is legally available if his residence is known to all parties. *Id.* 305 S.W.2d at 167. Further, it is not imporper for counsel to comment on the absence of a witness who, while employed by the party, was clearly in a position to provide material information at issue in the litigation. *Id.* 305 S.W.2d at 167. *See also McInnes v. Yamaha Motor Corp., U.S.A.,* 659 S.W.2d 704, 712 (Tex.App.—Corpus Christi 1983), *affirmed,* 673 S.W.2d 185 (1984), *cert. denied,* 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985) (where argument was not only valid but also, by failing to call the witness, a presumption was created that the testimony would have been unfavorable).

In the situation before us, Lisa Beasley was not only legally available to the appel-

lant at the time of trial but also employed by him at the time the forged check was cashed. Comments regarding her absence were not improper. Likewise, appellee's comments suggesting that Lisa Beasley's testimony would have been unfavorable to the appellant were not improper. *See McInnes,* 659 S.W.2d at 712.

We hold that appellee's closing argument was not error, and further, that appellant's failure to present an adequate record and his failure to object at trial precludes him from complaining on appeal of the denial of his motion for new trial.

Appellant's points of error are overruled, and the judgment of the trial court is affirmed.