NO. 07-04-0493-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 15, 2005
_____

SUE HELMS, individually and on behalf of CAMERON HACKLEY, a minor,
and as personal representative of the estate of  KEVIN CRAIG BODKIN, deceased

Appellant

v.

KING WELL SERVICE, INC. and BLACK GOLD PUMP & SUPPLY, INC.,

Appellees
_____

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO. 6141; HON. STEVEN R. EMMERT, PRESIDING
_____

***MEMORANDUM OPINION***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Sue Helms, individually and on behalf of Cameron Hackley, a minor, and as personal representative of the estate of Kevin Craig Bodkin, deceased, (Helms) appeals from a final judgment denying her recovery against King Well Service, Inc. (King) and Black Gold Pump & Supply Inc. (Black).  The suit arose from the death of Kevin Craig Bodkin.  The latter, along with several other individuals, had been riding in a motor vehicle being driven by an employee of King.  The employee had been hired to drive Bodkin and the

others to and from a well site in Oklahoma. On the day of Bodkin's death, the group had left the well site and headed home. On their way, however, they stopped in a local tavern to drink alcoholic beverages. After doing so, they resumed their journey home only to become involved in a motor vehicle accident. Bodkin died as a result of the accident. Thereafter, Helms sued King and Black for negligence. The jury denied her recovery, and judgment was entered upon that verdict.

Before us, Helms asserts two issues. The first involves the denial of her motion for new trial. She contends that she was entitled to same because of alleged jury misconduct. The second issue concerns the legal and factual sufficiency of the evidence underlying the jury's verdict. Upon considering the issues, argument, and record, we affirm the judgment of the trial court.

*Issue One – Jury Misconduct*

The purported misconduct about which Helms complains is that of juror McPherson. He allegedly failed to disclose a bias or prejudice held in favor of King. The bias was manifested, according to Helms, through comments he uttered to other jurors throughout trial and while deliberating. Furthermore, Helms attempted to prove that such comments were made through an affidavit executed by juror Krehbiel. The latter not only testified by affidavit but also live at the hearing convened to resolve the motion for new trial. Yet, she was not the only juror who spoke at the hearing. Of the 12 on the panel, six testified at the hearing. Moreover, only one, Krehbiel, stated that McPherson uttered comments favorable to King. The other five uniformly recalled no such utterances. Thereafter, the trial court denied the motion.

Regarding comments supposedly made by McPherson after the jury retired to deliberate their verdict, they cannot be used to establish bias on the part of the juror. This is so irrespective of whether a fellow juror attests to the statements being made. *Chavarria v. Valley Transit Co.*, 75 S.W.3d 107, 110-11 (Tex. App.–San Antonio 2002, no pet.) (recognizing that while the failure of a juror to disclose bias is misconduct justifying a new trial, proof of a juror's failure to disclose the bias must come from a source other than a fellow juror's testimony about deliberations). As to the utterances purportedly made outside deliberations, the evidence of record indicates that they may or may not have been made. That is, while Krehbiel said they were, other jurors recalled none. Under these circumstances, we must affirm the trial court's decision. *See Flores v. Dosher*, 622 S.W.2d 573, 574-75 (Tex. 1981) (holding that when "the evidence [is] conflicting as to whether the alleged statement was ever made . . . [the appellate court] is bound by the trial court's finding that the misconduct did [not] occur"). Consequently, we overrule the first issue.

*Issue Two – Legal and Factual Sufficiency of the Evidence*

Through her second issue, Helms asserts that the trial court erred in denying her a new trial because the evidence supporting the jury's verdict was legally and factually insufficient. In reviewing this allegation, however, we discovered that we do not have before us a complete reporter's record of the trial. Rather, Helms provided us with only a transcription of the initial jury voir dire and of the hearing on the motion for new trial. Furthermore, there is no indication in the record that she sought to prosecute the appeal as a limited one under Texas Rule of Appellate Procedure 34.6(c)(1).

3

To determine whether a particular verdict enjoys the support of both legally and factually sufficient evidence, we are obligated to review all the evidence admitted at trial. *Dow Chemical Co. v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001). Because Helms did not provide us with a complete reporter's record of all evidence received by the trial court below, she denied us with the tools necessary to perform our duty. Moreover, authority requires us to presume that the missing record excerpts support the jury's determination. *Brown v. McGuyer Homebuilders, Inc.,* 58 S.W.3d 172, 175 (Tex. App.–Houston [14th Dist.] 2001, pet. denied). Thus, we overrule this issue as well.

Having overruled each issue, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

4