Opinion filed September 27, 2007












 
 
  
 
 







 
 
  
 
 




Opinion filed September
27, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00134 -CV 

                                                     __________

 

                     GEORGE
HEIGEL AND PATTI CALLIS, Appellants

 

                                                             V.

 

                                      TANYA
MCCOMAS, Appellee

 



 

                                         On
Appeal from the 161st District Court 

 

                                                           Ector County , Texas

 

                                                Trial
Court Cause No. B-117,499

 



 

                                              M
E M O R A N D U M  O P I N I O N

 

George
Heigel and Patti Callis appeal from the trial court=s judgment awarding them $400 for damages from
Tanya McComas. We affirm.  

Background
Facts








Heigel
and Callis entered into a contract to purchase property from McComas in 1999. 
Heigel and Callis sued McComas for breach of that contract, specifically for
failing to provide them with an accounting statement in accordance with Tex. Prop. Code Ann. ' 5.077 (Vernon Supp.
2006).  The parties proceeded to a jury trial only on the issue of failing to
provide the accounting statements.  The jury found that McComas failed to
provide Heigel and Callis with an accounting statement for the years 2001,
2002, and 2003 and that she provided the 2004 statement after the January 31
statutory deadline.  The trial court entered a judgment for Heigel and Callis
awarding damages in the amount of $400.  

Issues
on Appeal

Heigel
and Callis raise three issues on appeal.  First, they contend that the trial
court erred in applying the amended version of Section 5.077(c).  Second, they
contend that the trial court erred in not granting their motion for attorney=s fees.  Third, they
contend that the trial court erred in granting McComas=s motions for continuance and not invoking the
doctrine of estoppel to her claim that the amendments to the code should
apply.  McComas raises a conditional cross-issue on appeal.  She asserts that
the Section 5.077 violates the Aexcessive
fines@ clause of the
Texas Constitution. 

Discussion


In
an executory contract, a seller is required to give a purchaser an annual
accounting statement in January of each year for the term of the contract. 
Section 5.077.  A seller that fails to provide an accounting statement is
liable to the purchaser for liquidated damages in the amount of $100 for each
year that an annual statement is not provided.  Section 5.077(c)(1).  This
section was amended to its current version on September 1, 2005.  Before 2005,
the statute provided for liquidated damages in the amount of $250 a day for
each day after January 31 the seller failed to provide the purchaser with the
statement. 

Heigel
and Callis argue that the trial court erred in applying the amended statute by
awarding damages of only $400.  After trial, Heigel and Callis filed a proposed
judgment awarding them damages of $250 for each day after January 31 that the
accounting statement was not provided, for the total amount of $250,500. 
McComas filed a motion for JNOV asserting that the trial court should dismiss plaintiff=s claim or in the
alternative the trial court should award damages of $100 for each year the
accounting statement was not provided in accordance with the amended version of
Section 5.077(c), for a total amount of $400.








In
order to determine which statute applies we turn to the Code Construction Act
set forth in Chapter 311 of the Government Code.  Tex. Gov=t Code
Ann. ch. 311 (Vernon 2005 & Supp. 2006).  This chapter governs the
construction of the provisions of the Property Code unless otherwise expressly
provided.  Tex. Prop. Code Ann. ' 1.002 (Vernon 2004). 
Because Section 5.077 does not contain a provision governing the effect of a
reenactment, revision, amendment, or repeal of the statute, the general savings
provision of the Code of Construction Act applies.   It provides:

If
the penalty, forfeiture, or punishment for any offense is reduced by a 
reenactment, revision, or amendment of a statute, the penalty, forfeiture, or
punishment, if not already imposed, shall be imposed according to the statute
as amended.  

 

Section
311.031(b).  The liquidated damages provision of the statute acts as a penalty
not related to actual harm of the party.  Flores v. Millennium Interests,
LTD., 185 S.W.3d 427, 429 (Tex. 2005).  Section 5.077(c), as amended,
reduces the penalty.  In this case, the penalty was not already imposed at the
time of the amendment, and the amended statute applies.  See Op. Tex. Att=y Gen. No. GA-0418,
31 Tex. Reg. 3329-30 (2006).  The trial court did not error in awarding Heigel
and Callis $400 in damages.  Their first issue on appeal is overruled. 

Heigel
and Callis next argue that the trial court erred in denying their motion for
attorney=s fees.  In
addition to the liquidated damages, a seller that fails to provide the
accounting statement is liable for reasonable attorney=s fees.  Section 5.077(c)(2).  Heigel and
Callis requested attorney=s
fees in the amount of $2,000 in their petition.  However, the issue of attorney=s fees was not submitted to
the jury.  After the jury trial, Heigel and Callis filed a motion for attorney=s fees.  Attached to the
motion was an affidavit by their counsel.  The affidavit stated that counsel
worked eighty hours on the case at the reasonable rate of $150 per hour and
that reasonable attorney=s
fees in this case was $12,000.

 Reasonableness
of  attorney=s fees is
a question of fact to be decided by the trier of fact and must be supported by
competent evidence.  Ridge Oil Co. v. Guinn Invs., Inc., 148 S.W.3d 143,
161 (Tex. 2004); Smith v. Smith, 757 S.W.2d 422, 424 (Tex. App.CDallas 1988, writ denied). 
We note that a reporter=s
record was not submitted because Heigel and Callis did not request one. 
Despite Heigel and Callis presenting evidence of attorney=s fees in the affidavit
attached to their motion, the issue was not submitted to the jury. 
Furthermore, without the reporter=s
record we cannot determine if any evidence was presented to the jury regarding
attorney=s fees.  The
trial court did not err in denying the motion for attorney=s fees.  The second issue
on appeal is overruled. 








Heigel
and Callis argue in their third issue that the trial court erred in granting
McComas=s motions for
continuance and not invoking the doctrine of estoppel to her claim that the
amended statute applies.  McComas filed motions for continuance on December 15,
2004,  March 4, 2005, and July 29, 2005.  All three of the motions for
continuance asked to continue the case to await the decision of the Texas
Supreme Court on a certified question from the Fifth Circuit regarding the
interpretation of Section 5.077.   See Flores, 185 S.W.3d 427.  The
trial court granted McComas=s
first two continuances, but it is unclear from the record whether the third
motion was granted or denied.[1]  The jury
trial was held on November 29, 2005, several months after the amended statute
went into effect.

We
review the trial court=s
decision to grant a motion for continuance under an abuse of discretion
standard.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004).  A trial court abuses its discretion if it acts without reference to any
guiding rules or principles. Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997).   There is a presumption that the trial court properly exercised its discretion
in granting a continuance.  Cent. Nat=l
Gulfbank v. Comdata Network, Inc., 773 S.W.2d 626, 627 (Tex. App.CCorpus Christi 1989, no
writ).  The record must affirmatively establish that the trial court acted
arbitrarily and unreasonably for an appellate court to reverse the trial court
for an abuse of discretion.  Green v. Kaposta, 152 S.W.3d 839, 842 (Tex.
App.CDallas 2005, no
pet.); Schindler v. Austwell Farmers Coop., 829 S.W.2d 283, 289 (Tex.
App.CCorpus Christi), aff=d as modified, 841
S.W.2d 853 (Tex. 1992).








The
doctrine of estoppel prohibits a person from inducing another to act in a
particular manner and, therefore, adopting an inconsistent position and causing
loss or injury to another.  Maguire Oil Co. v. City of Houston, 69
S.W.3d 350, 367 (Tex. App.CTexarkana
2002, pet. denied); Fabrique, Inc. v. Corman, 796 S.W.2d 790, 792 (Tex.
App.CDallas 1990), writ
denied, 806 S.W.2d 801 (Tex. 1991);  Mobil Oil Corp. v. Frederick,
615 S.W.2d 323, 325 (Tex. Civ. App.CFort
Worth), aff=d
in part & rev=d
in part on other grounds, 621 S.W.2d 595 (Tex. 1981).  The doctrine of
equitable estoppel requires (1) a false representation or concealment of
material facts; (2) made with knowledge, actual or constructive, of those
facts; (3) with the intention that it should be acted on; (4) to a party
without knowledge or means of obtaining knowledge of the facts; (5) who
detrimentally relies on the representations.  Johnson & Higgins of Tex.,
Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 515‑16 (Tex. 1998);
Odessa Tex. Sheriff=s
Posse, Inc. v. Ector County, 215 S.W.3d. 458, 459 (Tex. App.CEastland 2006, pet.
denied).

Heigel
and Callis have not shown how the trial court abused its discretion.  There is
no record of a hearing on any of the motions.  In her motions, McComas relies
on a relevant pending case regarding the interpretation of Section 5.077. 
There is nothing in the record to show that McComas made any false representation
of the facts or that she had any knowledge of the upcoming amendment to the
statute or its effect on this case.  McComas is not estopped from receiving the
benefits of the amended statute.  After examining the record, we cannot say
that the trial court abused its discretion in granting McComas=s motions for continuance. 
Heigel=s and Callis=s third issue on appeal is
overruled.

Conclusion

Because
we have overruled all of Heigel=s
and Callis=s issues on
appeal, we need not discuss McComas=s
cross-issue on appeal.

The
trial court=s judgment
is affirmed. 

 

 

RICK STRANGE

JUSTICE

 

September 27,
2007

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]McComas also filed a motion for continuance of the
summary judgment hearing on August 4, 2005. CR 48  The clerk=s record contains an order dated August 16, 2005,
denying motion for continuance.  It is unclear to which motion this order
applies.  However, this does not affect our determination of this case.